Argued October 18, affirmed December 5, 1922.

# SOUTHERN OREGON ORCHARDS CO. *v.* BAKKE.

(210 Pac. 858.) °

**Appeal and Error—Not Permissible to Weigh Conflicting Evidence on Appeal.**

1. The jury is the sole judge of the value or effect of evidence, and where there is any evidence supporting the verdict, the appellate court is not permitted by the Constitution to weigh it as against contradictory evidence.

**Fraud—Purchaser Prevented from Examining Land may Recover Damages.**

2. That the purchaser walked over the land before purchase does not preclude recovery of damages for fraud, if the defects were not readily discernible, and he was prevented from closer examination by reliance on the false statements of vendor.

**Trial—View is Only for Explanation of Testimony and Rests in Court's Discretion.**

3. A view is not permitted for the purpose of using it as substantive evidence, but only to enable the jury to understand testimony adduced, and the propriety of a view is within the discretion of the court.

**Trial—Instruction That It was Claimed That Evidence Tended to Show Certain Facts, Held not Objectionable.**

4. An instruction that "it is claimed that the evidence tends to show in this case" certain facts set forth by the court, but concluding "it is not for the court in any way to intimate what the facts are, but only to give you the law for your guidance, applying it to the facts as you may find them to be," did not invade the province of the jury on account of the first statement.

**Fraud—Damages Difference Between Value and Price Paid.**

5. The measure of damages for fraud inducing purchase of land is the difference between what purchaser paid and its fair market value at the time of entering the contract, though he might later be able to sell the property for more than he paid for it.

**Fraud—Instructions Held Faulty in Omitting Element of Inducement to Forego Examination of Property.**

6. Where defendant set up fraud inducing purchase of property, an instruction that an opinion is not a representation and not fraudulent, though false, so if defendant had opportunity to examine the

---

5. For authorities discussing the question as to measure of damages for fraudulent representations in the sale or exchange of real estate, see notes in 123 Am. St. Rep. 776; 15 Ann. Cas. 458; 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.

land and ascertain its value and no fiduciary relationship existed, plaintiff's representation as to value was but opinion and not actionable though fraudulent, *held* faulty in omitting the statement that, if the purchaser had opportunity to examine but was induced to forego a thorough examination by artificial statement, he might still recover.

**Trial—Requested Instruction on Fraud Held Covered as Far as Correct by Those Given.**

7.   Requested instruction on fraud inducing the purchase of land *held* covered, so far as correct by those given.

**Trial—Instructions as to Fraudulent Representations Inducing Purchase of Land Held Correct and not Contradictory.**

8.   In action for price of land in which defendant set up fraud inducing the purchase, instructions as to fraudulent representations, bragging and care required of purchaser *held* correct and not contradictory.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

This is an action upon a promissory note for $100 given by defendant in part payment for a tract of land sold him by plaintiff. The defendant admitted the execution of the note and in his answer alleged in substance that on January 10, 1913, he agreed to purchase and plaintiff to sell lots 2 and 10 in Melrose Orchards in Douglas County for the sum of $3,000, as shown by a contract annexed to the answer. The answer further alleges:

"That prior to the execution of said contract the said plaintiff through its officers and agents represented and stated to the said defendant Alfred A. Bakke of and concerning the said premises described as lots 2 and 10 in said Melrose Orchards, that the same *was,* the choicest of all the land in the country (meaning by the 'country' particularly, what is known as the Umpqua Valley, in Douglas County, Oregon), and that it was especially adapted for fruit; that the said price mentioned in said contract was the lowest price ever to be found; that the said land was what was known as 'first bench land'; that apples, peaches, pears, prunes, cherries, grapes and

berries grew there to perfection; that strawberries and peaches matured there earlier than elsewhere in Oregon; that one orchard near said Melrose Orchards had brought the owner an average annual income during seven years of $791 to the acre.

"That each and every one of said statements and representations were false, and plaintiff, its agents and officers aforesaid, knew when the same were made, either that they were false or made them recklessly without any knowledge of their truth, and made them and each of them as positive assertions, and with the intention that they should be acted upon by the defendant Alfred A. Bakke; and the defendant Alfred A. Bakke believed the said statements and representations and did not know or have any reason to believe the same to be false and was thereby induced to and did enter into said contract and pay the said sums mentioned therein as herein alleged; and thereby suffered the damages as hereinafter set forth.

"That said tract of land known as Melrose Orchards is situated in said Umpqua Valley and is a part of said country; that the said lands embraced in said lots 2 and 10 of said Melrose Orchards *was* greatly inferior to the choicest lands in said country; *was* not especially adapted for fruit, but *was* very poorly adapted to the same; that the price mentioned in said contract therefor was not the lowest to be found, but other and better lands in said country could be had at said time for much lower prices; that said lands were not 'first bench lands' or bench land at all; that neither apples, peaches, pears, prunes, cherries, grapes nor berries would grow thereon to perfection or other than in limited quantity and inferior quality; that said lands were worth not to exceed $30 an acre.

"That at the time said contract was executed the defendant Alfred A. Bakke paid to the plaintiff herein the sum of seven hundred and fifty dollars and entered into the possession of said lots 2 and 10 of said Melrose Orchards, and during the same year purchased trees therefor and set out at a large expense to himself, to wit: of upwards of $1,000, an orchard consisting principally of prune trees and

amounting to about 12 acres, and did some clearing on said land; that defendant then left said land in the care of tenants and went to Canada to reside and await until said orchard should come into bearing, which plaintiff's agents and officers aforesaid represented to said defendant would be three years from time of planting; that defendant returned to said land in about two and one-half years after planting said orchard and then learned for the first time of the said falsity of the said representations of the plaintiff, its agents and officers.

"That the said Alfred A. Bakke has ever since the said execution of said contract and entering into possession aforesaid held and claimed the said property as his own subject to the claim of the plaintiff for the said purchase price thereof, and has paid all taxes thereon including the taxes for the year 1913, and all since said year.

"That on or about the following dates the defendant Alfred A. Bakke made the following payments thereon [aggregating in principal and interest the sum of $3,285.43].

"That at the time of the said last payment the plaintiff in order to enable the defendant Alfred A. Bakke to raise the necessary money to make the said payment, executed to the said defendant Alfred A. Bakke a deed to the said premises, and as evidence of the amount still due on said contract of purchase the defendant Alfred A. Bakke made, executed and delivered to the plaintiff the promissory note set forth in said complaint, and the defendant Carrie Bakke executed the same as an accommodation maker, and in addition thereto the said defendants for the same purpose and in like manner executed another note to the plaintiff for the sum of $218.43 and due January 10, 1920.

"That defendant Alfred A. Bakke has been damaged by reason of the said false representations of the plaintiff in the sum of Two Thousand Dollars."

The reply denied all the allegations of fraud set up in the answer. The case was tried to a jury, which returned a verdict for defendant.

At the close of defendant's testimony, plaintiff moved for a directed verdict upon the grounds:

"First: That the testimony introduced by the defendant and evidence in this case is wholly insufficient to maintain an action or counterclaim for damages against the plaintiff.

"Second: That there is no evidence in this case which shows or tends to show that there was any effort on the part of the plaintiff, or any conditions tending to frustrate or prevent investigation by the defendant of the property purchased by him.

"Third: That there is no evidence showing that any device or artifice was used by the plaintiff to prevent defendant from making an investigation of the property before purchasing it.

"Fourth: That there is no evidence that the defendant relied on the alleged statements or representations claimed to have been made by the plaintiff."

This motion was overruled and an exception noted.

The plaintiff appealed, alleging certain errors which will be stated and discussed in the opinion.

AFFIRMED.

For appellant there was a brief over the names of *Mr. John T. Long* and *Mr. George Neuner, Jr.,* with an oral argument by *Mr. Long.*

For respondent there was a brief and oral argument by *Mr. Albert Abraham.*

McBRIDE, J.—The evidence of defendant and his witnesses tended to show that he was a Swede just arrived in the locality of this tract from Canada and unacquainted with the land or with the people in that vicinity; that he visited the tract and walked over it once in company with plaintiff's agent, who assured him that the tract was the choicest of all

land in that country, being "first bench land" especially adapted for fruit and worth $3,000, and that one orchard near there had brought its owner an average annual income of $791 an acre; that the agent assured Bakke that he, Anderson, was a Christian; and that, relying on these assurances, the defendant was induced to enter into the contract without further inspection. The evidence of defendant further tended to show that the land was not first class, but mostly of an indifferent character not calculated to produce large or profitable crops of fruit or berries; that nobody in that vicinity had reaped from similar land the enormous profit stated by Anderson; and that the land purchased by defendant was not at the time worth the sum he paid for it. The testimony adduced by defendant tended in some degree to show that the alleged defects in the land were not observable from a cursory inspection of the surface, but would become apparent only by boring or by actual experiment in the way of cultivation.

1. It is proper to say that all of these alleged misrepresentations were contradicted by the plaintiff's evidence, in fact so vigorously contradicted as to excite some surprise in the mind of the writer as to the verdict returned. But in this state the infallible jury is the sole judge of the value or effect of evidence, and where there is any evidence supporting a proposition, this court is not permitted by our Constitution to weigh it as against contradictory evidence. So we must assume for the purposes of this appeal that all of the evidence offered by defendant is true.

It is not disputed that C. M. Anderson, plaintiff's sales agent and manager, made the representations as testified by defendant. He was not called as a

witness, and defendant's statements in that regard are undenied. The jury might have been justified in assuming that an agent representing a corporation engaged in platting and selling tracts of land would have some knowledge of the character and productiveness of the soil in such tracts and that if he misrepresented them, he did it knowingly, or at least recklessly. The statement that another tract similar in character had produced an average annual income of $791 per acre was the statement of a fact or what the agent intended the purchaser to believe to be a fact, and the jury under the evidence was authorized to find that the statement was false and intended to deceive the prospective purchaser.

By appealing to Bakke's religious sense in assuring him that he, the agent, was a Christian the latter probably obtained a confidence which Bakke would not have reposed in one who, in the language of Justice Thayer, was "merely a broad-chested man of sin." When one puts on the "livery of Heaven" he ought to live strictly up to the character he assumes and not use it as a disguise to obtain the confidence of the ignorant and unsuspecting, both of which characteristics the jury with the defendant before it may justly have attributed to him.

2. The fact that defendant walked over the land before concluding the purchase does not necessarily preclude him from recovering damages, where the defects were not readily discernible and where he was prevented from making a closer examination by reliance upon the false statements of the seller: *Burke* v. *Hindman*, 56 Or. 545 (109 Pac. 380); *Larsen* v. *Lootens*, 102 Or. 579 (194 Pac. 699, 203 Pac. 621). It was the province of the jury to judge whether or not the defendant acted reasonably, under the circumstances.

3. Error is predicated on the refusal of the court to permit the jury to view the premises. Such view is never permitted for the purpose of using it as substantive evidence, but only in order to enable the jury to understand the testimony actually adduced at the trial. The propriety of directing such a view is within the discretion of the court and we are not prepared to say that there was any abuse of discretion in this case.

4. Error is predicated upon the giving by the court of the following instruction:

"As I have told you, gentlemen, already, it is claimed that the evidence. tends to show in this case that these parties entered into a contract for the purchase of lands some years ago, and it is claimed that there is evidence tending to show that certain representations were made to the defendant by plaintiff's agents, and that they were false and that the defendant relied upon these representations and was damaged. So it becomes necessary for the court to instruct you as to the law applicable to those facts. Of course, it is not for the court in any way to intimate what the facts are—that is a matter especially for the jury to determine—but only to give you the law for your guidance, applying it to the facts as you may find them to be."

It is urged that the words, "it is claimed that the evidence tends to show" invade the province of the jury and are an intimation that the evidence in truth tends to show a certain state of facts; and that the words intended to mislead the jury. A perusal of the whole instruction negatives the construction placed upon it by the plaintiff.

5. Another assignment of error is based upon the following instruction:

"Now, in case you should find that under the rule of law as I shall give the same to you, that

the defendants were damaged in any amount, I instruct you that the rule of damages applicable would be that the damages would be the difference between what the defendant paid for the property and its fair market value at the time of entering into the contract. It would make no difference that he might later be able to sell the property for more than he paid for it."

6. This charge clearly states the law.

It is further contended that the court erred in refusing to give the following instruction requested by the plaintiff:

"I instruct that the expression of an opinion is not a representation and does not amount to fraud, although false. So, if the defendant Alfred A. Bakke, the purchaser of the property, had an opportunity to examine the real property and ascertain its value or the condition of the soil and no fiduciary relationship existed between the plaintiff and the defendant Alfred A. Bakke, the plaintiff's representation as to the value of the property, if any it made, is but the expression of an opinion and not actionable, even though false and fraudulent."

This instruction is faulty in that it leaves out the element that even if the purchaser has the opportunity to examine the property, yet if by an artifice or misstatement of the seller he is induced to forego a thorough examination, he may still recover.

7. So far as the law is correctly stated by the request, it was given and even reiterated in the following instructions:

"Now, with regard to the law as to representations: You will remember that it is claimed that a fraud was practiced upon defendant by plaintiff's agents, and that he was induced to make this sale through and by means of fraud. Now, the rule of law in relation to this, on that subject the rule is that in order to amount to fraud a representation

as to value must be coupled with some untrue or misleading statement of fact used to reinforce the information, and not only so, but further that the person alleged to have been defrauded must have been thereby induced to forego further inquiry as to the worth of what he would acquire.

"I further instruct you that general assertions or expressions of a seller in commendation of his land and bragging upon it, commonly called dealer's talk, do not constitute any grounds for action of deceit or fraud. Such statements are generally [regarded] in the law as mere expressions of opinion upon which a purchaser cannot safely rely.

"And I instruct you further that the purchaser of real property must use reasonable care for his own protection and should not rely blindly upon the statement made by the seller, and between parties dealing at arm's length, where no fiduciary relation exists and no device or artifice is used to prevent an investigation, it is the general rule that the purchaser must make use of his knowledge and failing to do so, he cannot recover on the ground that he was misled, and neither is the purchaser nor the seller to be the guardian or protector of the other.

"And that is simply stating the rule that under ordinary circumstances the law requires a person, and would require the defendant in this case, to exercise reasonable and ordinary care in the transaction, and with that rule I instruct you that the plaintiff would be liable for false representation causing the defendant to forego an investigation and which would mislead—which did mislead him, but requiring of him at the same time the exercise of reasonable care in closing the transaction of making a proper investigation and inspection for himself."

8. These instructions are not, as contended by plaintiff, mutually contradictory, but logically supplement each other and fully state the law.

Error is predicated upon the action of the court in overruling plaintiff's objection to certain testi-

mony of defendant and his witnesses, but we fail to find such objections tenable.

On the whole we find that the court afforded plaintiff an exceedingly fair trial and ruled correctly upon every proposition of law. It was a very close case upon the facts, with barely enough testimony on behalf of defendant to enable him to get his defense to the jury, and the fact that the jury chose to believe defendant instead of the witnesses for the plaintiff was not the fault of the court in failing to rule correctly at the trial. There was some evidence to justify the verdict and it must therefore be acquiesced in. The judgment is affirmed.    AFFIRMED.

BURNETT, C. J., and HARRIS and RAND, JJ., concur.