Argued April 22; reversed May 26, 1942

# WHEELER *v.* NICKELS

(126 P. (2d) 32)

Before KELLY, Chief Justice, and BAILEY, LUSK, and RAND, Associate Justices.

*Randall B. Kester*, of Portland (Maguire, Shields, Morrison & Biggs, of Portland, on the brief), for appellant.

*Ashby C. Dickson*, of Portland, for respondent.

RAND, J.

█ Plaintiff brought this action to recover for personal injuries resulting from a collision between a motorcycle being operated by him and an automobile being driven by the defendant. The collision occurred shortly before 6 p. m. on July 30, 1940, at the intersection of Going street and Concord Avenue in the city of Portland. The plaintiff, at the time of the collision, was traveling east on Going street and the defendant, who was on plaintiff's right, was traveling north on

Concord Avenue and had the right of way over the intersection unless forfeited for excessive speed, in which case neither party would have the right of way over the intersection and the rules of the common law would apply. See *Vroman v. Upp*, 158 Or. 597, 605, 77 P. (2d) 432.

Going street is sixty-six feet wide at the intersection and Concord Avenue twenty-six feet in width.

There was a dispute as to which of the two parties first entered the intersection. According to the plaintiff's testimony, before entering the intersection he looked to the right and saw defendant's car approaching and, without stopping, he looked to the left and then, on looking to the right, he saw defendant's car, as he says, "right on me", and, to avoid hitting defendant's car, plaintiff swerved to the left and sideswiped the car opposite the door. He says he was driving his motorcycle at the rate of fifteen or eighteen miles per hour. On striking the car, plaintiff and a woman passenger who was riding with him on the motorcycle were thrown to the pavement and plaintiff sustained serious injuries.

Defendant's version of the transaction is as follows:

"Well, I was driving north on Concord Street and as I arrived at the intersection of Going I saw the motorcycle to the left of me some twenty or thirty feet, so I proceeded across the intersection, and when I came to the center of the intersection, or a little past the center, I was struck by the motorcycle. It threw my body to the left door, which made me lose control of the car until it jumped the curb. And after I was there on the curb I put my foot on the brakes again and got stopped on the sidewalk in front of a residence. Q. Now about how fast were you going? A. I wasn't

going over twenty miles an hour. * * * Q. Would you say you were going faster than that back from the intersection? A. I was possibly going twenty-five before that; not at the intersection. Q. Now could you estimate the speed of the motorcycle as it came towards you? A. No, I am not a judge of speed. Q. Well, would you say it was going faster or slower than your car? A. I would say he was going faster than I was going. * * * Q. Now what part of your car did he strike? A. The left side of the car at the door. Q. Is that a metal frame there? A. Yes. Q. Did it smash it in? A. Yes. Q. The frame? A. Yes. Q. What was the cost of repairing your car? A. Sixty-five dollars.''

It appears from the photographs in evidence that the metal frame on the running-board of defendant's car was broken and that both fenders on the left side as well as the door were bent by the force of the impact. The evidence also shows that the point of collision was some twelve feet north of the center line of Going street and from four to eight feet east of the center line of Concord Avenue. Since Going street is sixty-six feet in width, this evidence shows that the defendant's car had traveled at least forty-five feet after entering the intersection before it was struck. The evidence further shows that there was nothing in the intersection or on either side thereof to obstruct the view of either plaintiff or defendant so far as their seeing each other was concerned, and there was no other traffic in the intersection at the time.

In his complaint, the plaintiff charged that the defendant was negligent in driving her car in excess of thirty-five miles per hour, in failing to have the same under proper control, in failing to keep a proper lookout, and in failing to yield the right of way to plaintiff, who, he alleges, was the first to enter the intersection.

By her answer, the defendant denied generally all the allegations of the complaint and, for a further separate and affirmative answer and defense, alleged:

"I.

That on the 30th day of July, 1940, while the defendant was driving and operating a certain automobile in a northerly direction on Concord Street and into and through the intersection of Concord Street and North Going Street, a motorcycle which was then and there being driven and operated in a general easterly direction upon and along said Going Street by the plaintiff herein, ran into and against the side of said defendant's automobile, as a result of which plaintiff may have sustained some injury.

II.

That at said time and place plaintiff was careless, reckless and negligent in the following particulars:

1. In that he drove and operated said motorcycle at an excessive rate of speed under all of the circumstances and conditions then and there attending;

2. In that plaintiff failed to have and keep a proper lookout for other traffic at or near said intersection, and particularly for the automobile which the defendant was driving and operating;

3. In that the plaintiff failed to have and keep said motorcycle under proper or any control;

4. In that plaintiff failed to yield the right of way to defendant;

5. In that plaintiff was carrying a passenger on the seat of said motorcycle, which interfered with the plaintiff's management and operation of said motorcycle and prevented plaintiff from exercising due care in the premises.

III.

That the foregoing acts of negligence on the part of plaintiff proximately contributed to and caused whatever injuries plaintiff may have sustained."

These allegations were denied by the reply.

Although the defendant had expressly denied in her answer that she had been negligent in any of the respects alleged in the complaint and had charged that the plaintiff was negligent and that such negligence proximately contributed to and caused whatever injuries plaintiff may have sustained, the trial court, at the close of the trial, refused to give the following instruction requested by the defendant:

"Regardless of the negligence, if any, on the part of the defendant, if the plaintiff was guilty of any negligence, as alleged in defendant's answer which contributed to the happening of the accident, your verdict should be for defendant."

And then, without giving any instruction of its own upon said point, the court charged the jury as follows:

"Now contributory negligence possesses all of the elements of negligence except that instead of inflicting an injury upon another it combines with the negligence of another in proximately causing an injury to the contributorily negligent person himself or herself. So contributory negligence is a want of ordinary care on the part of a person injured by the actionable negligence of another combining and concurring with that negligence and contributing to the injury as a factor in the proximate cause thereof. It has long been the law that for injuries negligently inflicted upon one person by another there can be no recovery of damages if the injured person by his or her own negligence, or by the negligence of another legally imputable,—which is not in this case,—contributed to his or her own injury. If such is the fact, the law always leaves the contributorily negligent one where it finds him, without a remedy in damages, but 'proximately' in connection with contributory negligence means an active and efficient cause of injury in any degree, however slight."

■ The defendant duly excepted to the giving of the foregoing instruction and she now contends that the

giving of the same was error because it led the jury to assume that the defendant was negligent and, by her answer, had admitted that she was negligent and that such negligence was a proximate cause of the injury which had been sustained by the plaintiff. By her answer, the defendant denied that she was negligent and alleged that the injuries complained of by the plaintiff were not caused by any negligence or fault upon her part but were the direct and proximate result of plaintiff's own negligence. Had the answer admitted that the defendant was negligent and alleged that the negligence of the plaintiff had contributed to the injury, the instruction given to the jury would have correctly stated the law applicable to that situation. In such case, the answer would have been in the nature of a confession and avoidance and the instruction given by the court would have been entirely proper, but where, as here, the defendant had denied she was negligent, the giving of the instruction, unqualified and unexplained, was we think erroneous.

■ Under the pleadings, the defendant was entitled to an instruction that, before the plaintiff could recover in the action, he must first establish the fact that the defendant had been negligent and that such negligence upon her part was a proximate cause of the injury complained of and that, in case the plaintiff had failed to establish that fact, the verdict should be for the defendant, for, in the absence of some negligence upon the part of the defendant proximately causing the injury, the plaintiff could have no cause of action against the defendant whatever. In Shipman's Common-law Pleading, 2 ed., p. 316, the author says:

"It is a rule that every pleading by way of confession and avoidance must give color. 'Color', as a term of pleading, signifies an apparent or prima facie

right; and the meaning of the rule that every pleading in confession and avoidance must give color is that it must admit an apparent right in the opposite party, and rely, therefore, on some new matter by which that apparent right is defeated."

■ That common-law rule of pleading had no application under the issues in this case for the reason that there was no admission by the defendant of any negligence or wrongful act upon her part causing the injury complained of and, therefore, the giving of the instruction which assumed an admission of negligence upon the part of the defendant prevented the defendant from having a fair and impartial trial, although, as we have said, if there had been such an admission in the pleadings, the giving of such instruction would have been entirely proper.

■ It is a well-settled rule of law that, if the negligence of the plaintiff contributed in any degree to the injury complained of, he cannot recover, but it is equally well settled that, unless the defendant in an action for negligence was guilty of some fault, negligence or want of care upon his part, the plaintiff cannot recover in the action, and when the court assumed, as was done here, and directed the jury, as was done, that "contributory negligence is a want of ordinary care on the part of a person injured by the actionable negligence of another combining and concurring with that negligence and contributing to the injury as a factor in the proximate cause thereof", it, in effect, told the jury that the defendant had been guilty of some negligence which, combining and concurring with the negligence of the plaintiff, if they should find that the plaintiff was negligent, had caused the injury. The instruction is misleading and erroneous.

■ Beven, in Negligence in Law, 3 ed., vol. 1, p. 155, says:

"Much of the difficulty in fixing the meaning of contributory negligence arises from the ambiguous use of the phrase, 'contributing to the injury'. This may indicate any of the whole set of antecedents necessary to produce the effect, or that one of them which marks their final completion and the actual calling into being of the effect. The *causa sine qua non* of an accident is not that on which depends the legal imputability of the accident. The liability depends not on that, but on the *causa efficiens*. In fact the same test is applicable to the ascertaining what negligence contributes to an injury, as we have already applied to the ascertaining negligence itself. We must trace the negligent consequences to the last responsible agent, who, either seeing the negligent consequences or negligently refusing to see them, has put into motion the force by which the injury was produced. To constitute a responsible agent there must be an accountable human will."

■ Much of this uncertainty as to the meaning of contributory negligence and its application as a rule of law in this state was settled by the opinion written by Mr. Justice McBride in *Wallace v. Portland Ry., L. & P. Co.*, 103 Or. 68, 204 P. 147, wherein he said:

"Assuming it to be established that a plea of contributory negligence is not a plea in the nature of confession and avoidance, and that a defendant may generally deny negligence and at the same time plead the contributory negligence of the plaintiff, the next question concerns the manner in which such negligence should be pleaded. Upon this point the writer is of the opinion that many of the courts have made the mistake of laying too great stress upon the term 'contributory negligence'. The weight of precedent outside of this state is undoubtedly to the effect that the term 'contributory negligence' indicates that there was some other negligence than that of the defendant, which

tended to produce the injury, a conclusion logically opposed to the doctrine enunciated by Mr. Thompson, supra, and the authorities cited by him in support of it. The logical view is that there may be an act by a defendant, not in itself negligent, which coupled with the negligent act of an injured person has produced an injury to him; in other words, that the plaintiff by contributing to the lawful act of defendant a negligent act of his own has produced an injury. This case may furnish an example. It was a perfectly lawful and proper act for defendant to move its cars on the public streets. Such an act in itself could produce no injury. But if in addition to this fact, it should appear that plaintiff negligently stepped off the car while it was in motion, and was thereby injured, it can fairly be said that the lawful and proper act of defendant in running its car upon the public street, plus the negligent act of plaintiff in alighting from the car when the same was so in motion, concurred to produce the injury, which could not have occurred had the car been standing still. Plaintiff's contribution to the accident would be the negligent act of attempting to alight when the car was in motion. It was not negligence contributing to someone's else negligence, but negligence contributing to an injury, the joint result of two acts, one lawful and the other negligent.''

For the reasons stated, the judgment appealed from must be reversed, and it is so ordered.