Argued March 12, reversed and remanded April 16, 1958

# ERNST *v.* BROUGHTON

324 P. 2d 241

254

*Burl L. Green* argued the cause for appellant. On the briefs were Green, Richardson, Green & Griswold and Philip A. Levin, Portland.

*Wayne Hilliard*, Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and Joseph Larkin, Portland.

Before PERRY, Chief Justice, and WARNER, MC-ALLISTER and SLOAN, Justices.

SLOAN, J.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff as the result of a collision of automobiles in an intersection. The jury returned a verdict for the defendant and the plaintiff appeals.

The plaintiff asserts the trial court erred in three

particulars: (1) in rejecting certain evidence offered by plaintiff; (2) in giving an erroneous instruction; and (3) by excessive use of the words "contributory negligence" in its instructions unduly emphasized this phase of the defendant's defense. We will consider these assignments of error in order.

The record discloses the plaintiff was traveling north in a residential area on N. E. 45th avenue, and the defendant was traveling west on N. E. Siskiyou street. These streets intersect at right angles. Neither is designated as a through street, and entrance into the intersection is not controlled from any direction by either stop signs or traffic control signals. The defendant's car was to the right of the plaintiff, and if not traveling at an excessive rate of speed, was entitled to the statutory right of way. ORS 483.202(1). The plaintiff introduced evidence to the effect that the defendant's automobile entered the intersection at a speed from 25 to 35 miles per hour.

ORS 483.104(1)(d) states the designated speed shall be 20 miles per hour "upon approaching within 50 feet and in traversing an intersection of highways where the driver's view in either direction along any intersection highway within a distance of 200 feet is obstructed."

■ This statute describes an intersection commonly called a "blind intersection." Such a blind intersection exists under this statute whenever there is an obstruction or obstructions along the highway that will prevent a traveler thereon at 50 feet or any point within 50 feet from such an intersection from having a reasonably adequate view of all traffic approaching within 200 feet thereof from either direction upon the bisecting highway.

■ For the purpose of showing that conditions ex-

isted at this intersection which made the above statute applicable and set the designated speed at 20 miles per hour, the plaintiff offered to show that a house, trees, and shrubs obstructed the view of motorists traveling west on N. E. Siskiyou street so they could not observe vehicles traveling north on N. E. 45th avenue until they were less than 200 feet from the intersection. A witness for plaintiff was asked the following question:

"I will refer to that at the present time, Mr. Ernst—will you tell the jury, please, at a point where you watched me pace back fifty feet east on Siskiyou Street from this easterly curb line and then you yourself walked south in the street of 45th Street, how far down did you walk before we lost sight of each other because the house on the southeast corner interfered with our vision?"

to which the following objection was made:

"Your Honor, I will have to object to any evidence along this line simply because the jury has been out to view these premises. They walked up and down in both directions and they were advised the direction to look as they walked. Plaintiff has introduced as Exhibit 1 a chart prepared by his own expert showing the marks of all distances. This is purely accumulative evidence in which counsel apparently worked with the witness in preparing, and I object and think it is wholly [sic] improper to permit such evidence to go into the record."

The objection being sustained, the plaintiff made an offer of proof, which in substance would show the following: That just prior to the trial the witness and the plaintiff's attorney went to this intersection and while one of them paced east from the entrance into the intersection on N. E. Siskiyou street 50 feet and there remained in the north traffic lane of that street,

the other paced south from the entrance into the intersection on N. E. 45th avenue in the east traffic lane thereof to a point where he disappeared from the view of the party on N. E. Siskiyou street by reason of a residence situated southeast of the intersection. At this point measurement was had back to the entrance into the intersection by stepping off the distance and the distance was estimated to be 132 feet.

There was also included in the offer evidence that certain trees had been trimmed and some shrubs removed between the time of the accident and the making of the measurements.

The evidence sought to be introduced was proper, and the court erred in sustaining the objection to the question asked and in rejecting the proof sought to be offered. This was not an offer to show by test or experiment what would occur in the use of mechanical devices under given circumstances and conditions, but was simply a method of showing that by estimated measurement at what position on one highway an obstruction would prevent persons on that highway from observing those upon another highway.

The objection that the observations were not made by parties seated in automobiles, but by men standing in the street, is without merit. We are satisfied an attempted view through a solid structure such as a house would be the same, whether a person was standing in the street or sitting in an automobile.

Neither is there merit in defendant's objection based on the fact that there had been a jury view of this area where the automobile collision occurred. "Such view is never permitted for the purpose of using it as substantive evidence, but only in order to enable the jury to understand the testimony actually adduced

at the trial." *Southern Oregon Orchards Co. v. Bakke,* 106 Or 20, 27, 210 P 858.

■ Likewise, it is always proper to show relevant physical changes that have taken place at the scene of the accident since its occurrence for the purpose of informing the jury of conditions existing when the collision occurred. *Tuite v. Union Pacific Stages,* 204 Or 565, 284 P2d 333.

■ Error is asserted in that the trial court failed to read the entire statute which was applicable to the facts in this case. The statute, ORS 483.202(1), reads as follows:

> "Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enters and reaches the intersection or not. * * * Any driver entering an intersection at an unlawful speed shall forfeit any right of way he would otherwise have under this subsection."

The instruction given by the court was as follows:

> "I instruct you at the time and place of this accident there was in full force and effect the following statute of the State of Oregon:
>
> " 'Right of way at intersections. (1) Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enters and reaches the intersection or not.'
>
> "I further instruct you that the term 'right of way' is defined by statute of the State of Oregon to mean that the person having the right of way has the privilege of the immediate use of the highway.
>
> "If you find from the evidence in this case that plaintiff, Myrtle Ernst, violated the foregoing stat-

ute, then I instruct you that such violation would be negligence as a matter of law.

"I further instruct you that if you find plaintiff Myrtle Ernst did violate the above quoted statute and that such violation was a contributing cause of this accident, then your verdict must be in favor of defendant and against the plaintiff."

The plaintiff contended that the defendant had forfeited the right of way by entering the intersection at an excessive rate of speed. There was evidence to sustain this contention. In thus omitting that portion of the statute which was material to the issues of this case, we think the court erred.

In an immediately preceding instruction the court had told the jury:

"* * * that when the driver approaching an intersection from the right approaches the intersection from the right simultaneously with an automobile approaching from the left, and approaches the intersection at an unlawful rate of speed, this does not transfer the right of way to the driver approaching from the left, because when this occurs there is no right of way and the rules of the common law apply. In other words, each driver is then required to use due care to avoid a collision."

Although taken together the instructions given the jury correctly state the law in part, they did not directly inform the jury that the defendant did forfeit his favored position if he entered the intersection at excessive speed.

■ When the issue of the speed at which the driver on the right enters the intersection is material, the right of way statute should be given in its entirety. In addition, however, the jury should be advised that when the driver upon the right forfeits his right of way, it is not transferred to the driver on the left,

but the common-law rule of due care is applied. *Vroman v. Upp*, 158 Or 597, 77 P2d 432. In *Dorey v. Meyers*, 211 Or 631, 317 P2d 585, this court held that it was not error to refuse to give a requested instruction which included only that part of the statute given in this case, and that the failure to include the remainder of the statute would have led the jury to believe that the driver on the right had an absolute right of way.

Having found reversible error in connection with the first two assignments, it is unnecessary to consider further the charge that the instructions concerning contributory negligence were unduly repetitious.

It follows that this cause is reversed and remanded for a new trial.