Argued July 12, affirmed July 27, petition for rehearing denied
September 13, 1960

## SAGE *v.* ROYCE

354 P. 2d 295

*Lincoln S. Ferris* and *John R. Latourette,* Portland, argued the cause for appellants. With Lincoln S. Ferris on the briefs were Latourette & Latourette, Portland.

*Watson D. Robertson* argued the cause for respondent. On the brief were Davis, Jensen, Martin & Robertson, Portland.

Before McALLISTER, Chief Justice and WARNER, O'CONNELL, GOODWIN and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal from a judgment for the sum of $8,478.80 in favor of the plaintiff, based upon a jury verdict returned in the circuit court of Multnomah county in an action for damages for personal injuries alleged to have resulted from a collision between plaintiff's automobile and a taxi cab owned and operated by defendants. The accident occurred at the intersection of N. W. Lovejoy street and N. W. 14th avenue in the city of Portland, where green, yellow and red traffic lights were installed. Plaintiff was driving easterly on N. W. Lovejoy street and defendants' taxi cab driven by their employee, George A. Rall, Jr., was proceeding northerly on N. W. 14th avenue.

■■ As their first assignment defendants contend that the trial court erred in denying defendants' motions for directed verdict and for judgment notwithstanding the verdict, based upon lack of sufficient evidence and upon the further ground that the plaintiff was guilty of contributory negligence as a matter of law. In support of this, defendants argue that plaintiff's evidence is contrary to the physical facts. In passing upon defendants' contentions it becomes necessary that we review the evidence in the light most favorable to plaintiff. *Edvalson v. Swick,* 190 Or 473, 478, 227 P2d 183; *Dudleston v. Chiravollatti,* 184 Or 405, 415,

198 P2d 858. We have carefully read the entire transcript. In our opinion there was ample evidence justifying the submission of the case to the jury. Both drivers testified that they entered the intersection on a green light. Defendants contend that plaintiff's evidence in this regard could not be true, because it is contrary to the physical facts. They say this is so because as plaintiff was traveling east on Lovejoy, he encountered traffic lights at both the intersections of 16th and 18th avenues with N. W. Lovejoy street, and since the lights change at regular stated intervals and since he admitted he thought he was traveling about 25 miles per hour in a business district along Lovejoy prior to entering the intersection when the accident occurred, it could be mathematically demonstrated that plaintiff did not enter on a green light. In the first place, plaintiff did not look at his speedometer; hence, he only estimated his speed. Further, he testified he slowed down at corners "out of caution," and that his speed was between 20 and 25 miles per hour.

In addition to plaintiff there were other eyewitnesses who testified that he was confronted with a green light as he entered the intersection where the accident occurred. In *Van Zandt v. Goodman et al.*, 181 Or 80, 95, 179 P2d 724, this court indicated there is a limitation with relation to the application of the "physical facts rule," in that it cannot apply with respect to the position or speed of movable objects where such position or speed must be established by oral evidence or where it is necessary to make estimates or measurements or to start with an assumption of the existence of a fact. See also *Cameron v. Columbia Bldrs., Inc. et al.*, 212 Or 388, 396, 320 P2d 251. In making their mathematical computation defendants are

assuming that plaintiff's speed was constant. Plaintiff's evidence as a whole indicates otherwise. It is our opinion that the physical facts rule does not apply in this situation.

■ Defendants contend that in any event plaintiff cannot recover, because he was exceeding 20 miles per hour as he entered the intersection and thus traveled in excess of the indicated speed for what was admittedly a business district. Traveling in excess of an indicated speed only becomes negligence when the basic rule is violated. *Lemons et al. v. Holland et al.,* 205 Or 163, 190, 284 P2d 1041. It was for the jury to determine whether such speed was excessive under all the facts, circumstances and conditions existing at the time. We find this assignment without merit.

■ As their next assignment defendants contend that the trial court erred in overruling their objection and in not striking the testimony of witness Floyd Boyce relating to the speed of defendants' vehicle. This witness saw the accident. Defendants claim that Boyce did not have sufficient opportunity to observe the speed of defendants' vehicle. We are of the opinion that defendants' objection, while couched in proper terms, went more to the weight to be given this testimony than to its admissibility. We find this assignment without merit.

We have examined the third, fourth and fifth assignments of error relating to responsiveness of answers given by a witness to the questions asked of him and the failure of the court to give certain instructions removing the question of defendants' speed, control, lookout and failure to stop from the jury. We do not find any error in these assignments.

■ Defendants next contend that the trial court

erred in limiting its instructions regarding lookout to perception of other automobiles, thus disregarding traffic signals, which was of supreme importance in the case. While the instruction was not entirely so limited since the court did instruct that an automobile driver was under a duty to see "what is plainly visible in the exercise of reasonable or ordinary care," the court then proceeded to refer to approaching vehicles and thus to some extent may have accentuated that factor. Upon defendants taking exception, the court, before the jury retired, informed them that he contemplated the giving of further instructions on lookout and then proceeded in effect to instruct that the driver of a motor vehicle had a duty to "see anything that is plainly visible in the exercise of ordinary care," and that if a vehicle "or other object" is in a position to have been visible to a person keeping a reasonably prudent lookout, then the driver was under a duty to see it and failure to do so would be negligence. Taking the instructions as a whole, we do not find prejudicial error, and, hence, no merit in this assignment.

■ The next assignment has to do with the failure of plaintiff to secure the deposition of a George H. Clauser, who, with his wife Mary, was an eyewitness to the accident. Mrs. Clauser testified, but her husband did not, he being a member of the Air Force and then stationed at Lyons, France. There being no showing that his testimony could not be taken by deposition, defendants asked the court to instruct the jury to assume that the plaintiff could have taken his deposition. Instead, the court gave an instruction couched in statutory language to the effect evidence was to be estimated not only by its own intrinsic weight

but also by the evidence which it is within the power of one side to produce and the other to contradict and that if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party to produce, the evidence offered should be viewed with distrust. Under such circumstances it is our opinion that prejudicial error was not thereby committed.

■■ The last assignment of error is concerned with an instruction which the defendants contend was improperly given. The instruction was in the language of ORS 483.130(4) and related to the effect of a signal which was red with a green arrow. Such a signal was at proper times displayed in the east lane of traffic of N. W. 14th street near the northeast corner of the intersection where the accident occurred. Just east of the intersection was a ramp to the Broadway bridge. While both N. W. Lovejoy street and N. W. 14th avenue at that point were one-way streets, the bridge was not and traffic coming off the bridge could proceed north on N. W. 14th avenue. Defendants say that this signal would only be applicable to traffic proceeding in that direction. In any event, defendants' driver was proceeding north in the west lane of N. W. 14th avenue where there was another set of mechanical signals controlling traffic and, hence, he was not facing the lights to which the instruction refers. Hence, it was an abstract instruction. That does not mean that a reversal is required. The giving of an abstract instruction is not reversible error unless it can be determined from the record that the jury may have been and probably were misled, to the injury of the complaining party. *Godvig v. Lopez,* 185 Or 301, 310, 202 P2d 935. The testimony of Walter G. Krieger, an

electrical engineer employed by the city of Portland, located both these sets of lights on a map introduced in evidence. Further, the jury was permitted a view of the intersection prior to the commencement of the taking of testimony so as better to enable them to comprehend the evidence. Under the circumstances we cannot say that the jury was probably misled. We are, therefore, unable to sustain this assignment.

In view of our conclusions, the judgment of the trial court is affirmed.