Argued July 14, affirmed July 27, 1960

# WILSON *v.* OVERBEY

354 P. 2d 319

*Charles Paulson,* Portland, argued the cause for appellant. With him on the brief were Peterson, Pozzi & Lent, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Thomas E. Cooney and Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McAllister, Chief Justice, and Warner, O'Connell, Goodwin and Millard, Justices.

GOODWIN, J.

The plaintiff, Wilson, appeals from a judgment entered upon a verdict for the defendant, Overbey, in an action for personal injuries arising out of an automobile intersection collision.

Wilson was a passenger in an automobile driven by one Harris. There is no issue of contributory negligence, and the principal question before the trial court was whether the negligence, if any, of Overbey was a responsible cause of the collision between Overbey's pickup truck and the Harris passenger car.

Wilson alleged that Overbey was negligent in one or more of the following particulars:

"1. In failing to yield the right-of-way to the automobile this plaintiff was riding in as a passenger.

"2. In disobeying said traffic signal which was red for automobiles being operated in an easterly direction, requiring said automobiles, particularly the automobile defendant was driving to stop.

"3. In failing to keep a proper lookout for other motor vehicle traffic, particularly for the automobile in which this plaintiff was riding as a passenger.

"4. In failing to keep the automobile he was driving under proper, or any, control.

"5. In operating his automobile at such a speed as not to have proper control of same so as to be able to stop, slow down or swerve in order to avoid said collision."

Overbey denied negligence and put the plaintiff to her proof.

■ The proof created a clear question for the jury with reference to which vehicle was favored by a green light at the intersection. Each side claimed that the other "ran a red light."

■ The mere fact that a motorist is favored by a green light at an intersection does not relieve him of the duty of exercising due care, with reference to speed, lookout, and control. *Senger v. Vancouver-Portland Bus Co.*, 209 Or 37, 50, 298 P2d 835, 304

P2d 448, 62 ALR2d 265; *Walker v. Penner,* 190 Or 542, 556, 227 P2d 316; *Johnson v. Updegrave,* 186 Or 196, 203, 206 P2d 91.

■ While none of the above-mentioned cases involved a signal-controlled intersection, the rule which applies is well-stated by Mr. Justice Tooze in the *Senger* case:

> "* * * a motor vehicle operator, although he need not anticipate negligence on the part of any other person and may at all times assume until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary, that other persons using the highway will exercise due care and obey the law, and to act accordingly, yet he is not relieved of his continuing duty to maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances * * *." 209 Or at 50.

Within the framework of the above-quoted rule, it now becomes necessary to review the transcript to learn whether there was sufficient evidence to go to the jury concerning the quoted allegations of negligence other than the first two, concerning which a jury question is beyond dispute.

This review is made necessary because the only assignment of error is directed to the following instruction which was included among those given by the trial court:

> "You are instructed that it is no defense available to defendant that any negligence, if any, of a third person was partially a proximate contributing cause of the accident. If you find that defendant was guilty of negligence in one or more of the particulars set forth in plaintiff's complaint and submitted to you, and that such negligence, if any,

was a proximate cause or contributing proximate cause, no matter how slight, of the accident in question and injury to plaintiff, then defendant would be liable and your verdict must be in favor of the plaintiff and against defendant. *However, you are further instructed that if you find that the driver of the vehicle in which plaintiff was riding entered the intersection at a time when the traffic signal light showed red in her direction, then the plaintiff in this case cannot recover and your verdict must be for the defendant."*

The italicized words were added by the trial judge to an instruction handed up by the plaintiff.

■ Wilson first contends that the foregoing instruction imputed to Wilson the negligence of Harris, if the jury should find that Harris was negligent. The contention is without merit. Imputed negligence was never in the case. There is another ground, however, for the assignment of error.

If there was any evidence of the alleged negligence specified in the complaint with reference to speed, control, or lookout, the quoted instruction was in error because it took from the jury a substantial part of the plaintiff's pleading and proof in support of her theory of the case. If there was insufficient evidence to present a jury question on any one of the three specifications, then the trial judge properly simplified the issue for the jury and submitted the sole question of right of way to be determined upon the jury's deciding which car was favored by the traffic signal.

■■ The transcript conclusively shows that Overbey was free from fault with reference to lookout. The undisputed testimony was that he saw the Harris car three or four car-lengths from the intersection, and if Overbey had the green light, as the jury found that

he did, he had the right to presume that the Harris car would stop. He had no right to ignore any actual facts to the contrary, but he had the right to proceed with due care. *Senger v. Vancouver-Portland Bus Co.,* supra.

The plaintiff asserts as her principal claim of error that there was a jury question on the matter of speed. The speed of the defendant's automobile and whether or not it was under control immediately before the collision can be considered together in this case because there is no evidence of any unusual condition which would make control a separate item of concern. The undisputed testimony is that Overbey was driving in a straight line, on damp but not slippery pavement, in broad daylight, and that just before the impact he swerved to try to avoid the collision.

Overbey testified that he saw that the light facing him was red when he was some distance away, so he slowed to "10 or 15" miles per hour as he approached the light and was continuing at that speed when it changed to green. He swore that he proceeded into the intersection at the same speed.

The plaintiff depends upon the testimony of two witnesses plus certain "physical facts" to sustain her contention that there was sufficient evidence of excessive speed to go to the jury.

The plaintiff testified so sketchily concerning speed that we will set down her words verbatim:

"Q Now, about how far into the intersection did [the Harris] car get before the impact took place?

"A It didn't get in there. This other car was coming at a fast speed; it was coming at a speed; and that is when it hit it. It hit it the first time

and turned the wheel just like that and it boosted it ahead and boosted it on up the street."

The above is the extent of the plaintiff's testimony on speed. She is a woman 55 years of age who has no driver's license and testified that she did not know the make of her brother's car in which she was riding with Mrs. Harris.

Mrs. Harris testified concerning speed as follows:

"Q Were you intending to go straight through?

"A I was intending to go straight through, and just as I started out, well, he was coming at such a force to me, Mr. Overbey, he struck, and he just come right on into me and I couldn't do nothing but just turn the wheel this way * * *."

And later:

"Q Mrs. Harris, isn't it—just so that the jury has this clear—you never did see Mr. Overbey's truck coming, did you, until the accident happened?

"A I kind of seen, I seen the truck, it was green, but I seen it coming to me in such a force, but I couldn't do anything because he was coming into me so fast * * *."

■ The foregoing testimony concerning speed was all volunteered, by both witnesses, in answering questions concerning other matters. There was no foundation made at any time in the trial whereby either witness could say she saw the pickup truck and observed its speed and formed an estimate concerning such speed. Qualified opinion evidence concerning speed is competent. Sheer guesswork is not. The rule is stated in *Bailey v. Rhodes, Adm.,* 202 Or 511, 276 P2d 713, as follows:

"* * * Competent and qualified eyewitnesses who have observed a motor vehicle in motion may give their opinion as to the rate of speed it was traveling, * * *." 202 Or at 523.

■ One need not be a licensed driver in order to express an opinion on speed, but one must at least have had an opportunity to form an opinion. *Johnson v. Underwood et al,* 102 Or 680, 690, 203 P 879.

■ The testimony of neither witness presented sufficient evidence in this case to permit a submission of the matter of excessive speed to the jury.

We next turn our attention to the photographs which show body damage to the automobiles, and to the other physical facts relied upon by the plaintiff.

Giving the plaintiff the maximum benefit that can be claimed for the photographs and other evidence of physical facts, this evidence proves that two automobiles came together at right angles; that the Harris automobile was moved about 85 feet southeast of the point of impact and the pickup truck was moved about 35 feet northeast of the point of impact where it was turned over on its right side. The Harris automobile caromed off a curb, hit a telephone pole, spilled its occupants into the street, and proceeded to its resting place unoccupied. The property damage was consistent with the testimony that described the impact as a meeting of the front of the northbound Harris car with the right side of the eastbound Overbey truck. The physical facts shed no light whatever on the speed of the Overbey vehicle. The physical facts did indicate that both vehicles were in motion and that they came together, all of which was admitted by the pleadings.

■ It is possible to find Oregon decisions, as well as those from other courts, holding both ways on the question whether evidence of physical facts is competent to prove excessive speed. It is not necessary to review all the decisions again. The matter was

considered recently in *Wiebe v. Seely, Administrator,* 215 Or 331, 364, 335 P2d 379; and it was there held that such evidence, in the context of other facts giving the evidence probative value, is competent as proof tending to show excessive speed.

For example, in single-car accidents, or in cases of vehicles striking pedestrians, physical facts under certain circumstances may have probative value on the question of speed. *Greenslitt v. Three Bros. Bak. Co.,* 170 Or 345, 133 P2d 597; *Schairer v. Johnson,* 128 Or 409, 272 P 1027. Cf. *Lemons et al v. Holland et al,* 205 Or 163, 284 P2d 1041, 286 P2d 656.

■ But when the question is primarily one of determining which vehicle had the right of way, the context in which the physical facts are offered may be such as to make the physical facts not only incompetent as proof, but highly misleading. As Mr. Justice ROSSMAN observed in *Cameron v. Goree,* 182 Or 581, 605, 189 P2d 596:

> "* * * If it were true that all cars traveling at prudent speeds inflict no damage, and that only those proceeding at unlawful rates crush objects which they strike, then the results of this collision would prove negligence. But there is no such rule, and, so far as we know, a car traveling at a careful rate of speed, upon colliding with one which entered an intersection unlawfully, would cause all of the damage which the respondent's witnesses described."

■ In an intersection collision, before the jury can say that the driver favored by the green light was nonetheless guilty of negligence in the matter of speed, there must be direct evidence from which the jury could find that his speed was excessive under all the circumstances, independent of such highly variable

physical facts as the positions of the vehicles after the accident and the nature and extent of damage to the machines or their occupants.

 The physical evidence of the force of the collision is meaningless in this case without evidence of the respective weights of the vehicles, the angle of impact, the kind of tires each vehicle had, whether one or more of the drivers had applied their brakes, and other facts making such evidence relevant. Evidence of the limited kind offered here has no value to prove which one of the vehicles was being operated negligently. In this respect such evidence is like any other evidence which must be disregarded if it is speculative and permits the jury to engage in guesswork. *Sage v. Royce*, 223 Or 590, 354 P2d 295; *Lemons et al v. Holland et al,* supra, 205 Or at 189.

The trial court committed no error when it withdrew the remaining allegations of negligence from the consideration of the jury. It would have been error, under the facts of the case, to have submitted them.

The judgment is affirmed.