Argued November 30, 1960, affirmed January 11, 1961

# KRENING *v.* FLANDERS
358 P. 2d 574

Robert E. Jones, Portland, argued the cause for appellant. With him on the brief were Anderson, Franklin, Jones & Olsen, Portland.

H. H. Phillips, Portland, argued the cause for respondent. On the brief were Phillips, Coughlin, Buell & Phillips and Jarvis B. Black, Portland.

Before McALLISTER, Chief Justice, and WARNER, PERRY, GOODWIN and KING, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment entered upon a verdict for the defendant in an action for damages for injuries suffered by the plaintiff in an intersection collision between two automobiles.

The principal assignment of error concerns the ruling of the trial court in withdrawing from the consideration of the jury an allegation in the amended complaint which read:

"That defendant Arden D. Flanders was negligent in at least one of the following particulars in that he—

"* * * * *

"5. Driving said automobile at an excessive rate of speed, under the circumstances then and there existing, particularly the east bound flow of traffic on Sandy Blvd; * * *."

The foregoing effort is an apparent attempt to plead a violation of Oregon's basic speed law, ORS 483.102.

In order to determine whether the evidence justified submission of the above-quoted allegation of negligence to the jury, it is necessary to examine the record in detail.

■ The plaintiff was proceeding east on Sandy Boulevard in Portland near its intersection with 80th Avenue, when the defendant entered Sandy from the south by making a right turn from 80th Avenue. Sandy is a four-lane, through street. The defendant, before entering Sandy, was required by a stop sign to stop, and by law to yield the right of way to traffic proceeding east on Sandy. Whether or not he complied with these duties was a question for the jury. There was a conflict in the evidence whether the plaintiff changed lanes just before the accident. This conflict also presented a question for the jury.

While the witnesses were somewhat vague concerning the actual collision, it is clear from the photographs of the automobiles and of the scene that the front of the plaintiff's automobile struck the left side of the defendant's automobile almost in the exact center of the front door. The vehicles came together before the defendant had completed the turning maneuver. The evidence concerning speed in the case was to the effect that both parties were traveling at a lawful rate of speed at the only times before the collision when they were under observation by any witness. One witness said the plaintiff was traveling at an excessive rate of speed, but that question is not involved in this appeal.

The evidence would have justified the jury in finding that the defendant was guilty of negligence in fail-

ing to keep a proper lookout, in failing to yield the right of way, and in failing to keep his vehicle under control, all of which matters were submitted to the jury.

The evidence also would have justified the jury in finding that the plaintiff was himself negligent in failing to keep a lookout, in failing to maintain proper control of his vehicle, and in failing to stop or slow or turn his vehicle to avoid collision, all of which were properly submitted to the jury.

■ As we have said, the sole substantive question presented is whether it was error to withdraw a separate allegation of a violation by the defendant of the basic speed rule from the consideration of the jury under the facts of the case .

In support of his appeal, the plaintiff contends that this court has held that speed must be separately submitted in practically every case in which a collision occurs between two moving vehicles. He calls upon four of our decisions to support the proposition. It will be seen that none of them provides such authority.

*Burnett v. Weinstein*, 154 Or 308, 59 P2d 258, dealt with an open-highway collision. There the jury was instructed on the defendant's duty to keep his automobile under reasonable control. The defendant urged that this instruction was error because the evidence showed that he was driving no more than five miles an hour. The propriety of instructing upon the basic speed rule was not involved in the case.

"* * * The mere fact that defendant was traveling not in excess of five miles an hour when struck does not necessarily absolve him from the charge of negligence. Under some circumstances it is negligent to move a car at all." 154 Or at 314.

The court was considering the element of control, not of speed. In that case the defendant was turning across an open highway at the wrong time. The quoted language in *Burnett v. Weinstein* does not mean that an alleged violation of the basic rule must be submitted to the jury in every case.

The next case relied upon for plaintiff's theory is *Nicholas v. Fennell*, 184 Or 541, 199 P2d 905. There the court was considering an accident on the open highway in which one rapidly moving vehicle went out of control and sideswiped another. The plaintiff was in a third vehicle which became involved in the incident. The court, speaking through ROSSMAN, J., said at page 551:

> "The duties of a motorist to drive at a reasonable rate of speed, to maintain an adequate lookout and to keep his car under control are interrelated and mutually dependent. Unless a change takes place in the other attendant circumstances, a variation of the rate of speed, normally, has a concurrent effect upon the duties of control and lookout. Likewise, a relaxation in control or lookout should be accompanied by a reduction in the rate of speed. The greater the speed, the less is the control; the less the control, the more is the necessity for a sharp lookout."

■ The above statement is common sense and should need no amplification. The fact that speed and control are interrelated, however, does not mean that a court must instruct a jury on an alleged violation of the basic speed rule in every case. A proper instruction on the failure to keep an automobile under control normally covers the interrelation of speed and control. In some cases velocity may have nothing to do with the location of a vehicle in the wrong place at the wrong time. It is not only unnecessary, but con-

fusing to the jury to submit a routine allegation charging the defendant with driving at an unreasonable rate of speed in every case, merely because the plaintiff in an abundance of caution had inserted it in his complaint.

It does not detract from the well-reasoned opinion in *Nicholas v. Fennell,* supra, to point out that the interrelation of speed and control depends upon the facts of each case rather than upon a formula.

The next case relied upon by the plaintiff for the proposition that the allegation of violation of the basic speed rule should have been submitted to the jury without any evidence of excessive speed is *McMullen v. Robinson,* 211 Or 531, 316 P2d 503. In that case, the defendant overran a motorcycle which was stopped at a traffic signal. The trial court instructed the jury on lookout, control, and also on the allegation that the defendant had been driving at an unreasonable rate of speed. We held that it was not error to submit the issue of speed in that case because the jury could have found that the defendant was driving too fast to permit him to stop in time to avoid the accident. We quoted *Burnett v. Weinstein,* supra, 154 Or at 314, for the proposition that it can be negligent conduct to move a vehicle at all in some circumstances. As noted, the quotation was related to lack of control rather than to the basic speed rule. We adhere to that proposition.

In the instant case also, it was negligent for the defendant to move his car at all, at the *time* he moved it, into what turned out to be the path of the plaintiff's car. This does not mean that there was a separate item of negligent conduct in moving the car at any particular rate of speed. As a matter of fact, the defendant's car may have been completely stationary

when it was hit. The evidence does not disclose that it was moving with any appreciable velocity.

The latest case cited by the plaintiff is *McReynolds v. Howland,* 218 Or 566, 346 P2d 127. In this case, which was also an intersection collision, the court, speaking through PERRY, J., quoted from *Nicholas v. Fennell,* supra, and held that it was not error under the facts of that case to submit the issue of excessive speed to the jury. In *McReynolds v. Howland* the defendant, after stopping for a stop sign, proceeded into an intersection and, if he saw the plaintiff's vehicle at all, was unable to stop in time to avoid running into it. There was some evidence that the defendant's speed, even though slight in comparison with speeds traveled on the open highway, was too fast for the circumstances existing at the time.

What we have said in all these cases is that it is not error for the trial judge to instruct the jury on the speed law when it is material. If the evidence in a particular case discloses a causal ingredient of excessive speed, in the terms of the basic speed rule, and if such an act of negligence has been alleged, there is then no error in submitting the allegation separately to the jury. It is quite another matter, however, to say it was error to withdraw speed as a separate specification of negligence when there was no evidence that speed was causally related to the accident. No case has been cited or found in support of such a proposition.

■ On this point, the court recently observed that an allegation of excessive speed may be withdrawn from a case any time the evidence fails to show that speed had a causal connection with the accident. In *Johnson v. Bennett,* 225 Or 213, 357 P2d 527, a jaywalking pedestrian was struck by an automobile which was

moving at a reasonable rate of speed. The cause of the accident was the location of the pedestrian, not the speed of the defendant's car. We held that it was not error to withdraw speed from the jury's consideration.

Likewise, in *Wilson v. Overbey*, 223 Or 256, 354 P2d 319, we held that the trial court properly withdrew speed from the consideration of the jury because the evidence failed to disclose any connection between speed and the accident.

It is clear from a review of our cases that allegations of excessive speed are like allegations of other acts of negligence in one respect. There must be some evidence in support of each allegation before it may be submitted to the jury.

As we have noted, the basic speed rule is found in ORS 483.102. A separate rule concerning the duty to exercise due care in starting, stopping, and turning is found in ORS 483.126. When the facts in a given case present questions for the jury with reference to alleged violations of both rules, the trial court must instruct accordingly. When the facts present a jury question on only one of the alleged violations, then only that allegation supported by evidence should be submitted to the jury.

In the case at bar, there was no evidence that speed was related to the defendant's want of control or of lookout. The evidence indicated that the defendant was negligent in a number of particulars, but speed was not one of them. The jury evidently found to its satisfaction that the defendant's negligence was only a partial cause of the accident. There was abundant evidence that the plaintiff was also at fault. The first assignment of error is without merit.

■ The only other assignment of error is directed to

a remark made by counsel for the defendant in his opening statement to the jury. An exception was saved and the statement was duly reported. The plaintiff says he was prejudiced when the defendant's attorney described the plaintiff's 1948 Ford: "which he had purchased, and which he had souped up—is that the proper term? In other words, this car had dual carburetion, planed-down heads— * * *." What other alterations may have been made upon the car were not disclosed by the defendant's attorney because the plaintiff objected and the matter was dropped. The plaintiff did not move for a mistrial.

The plaintiff urges that the remarks of counsel implied that plaintiff was driving a hot-rod. The word is the plaintiff's, not the defendant's. The photograph of the plaintiff's car indicates that the car did not appear to be grossly abnormal. Counsel's remarks, while irrelevant, did not introduce prejudice into the case. The plaintiff was obviously a young person. The action had been commenced for him by a guardian ad litem. He said he was a student. There was an issue of contributory negligence, including an allegation of excessive speed on the part of the plaintiff. The evidence was unequal to the task of proving excessive speed on the part of either driver, but the matter was pleaded on both sides and both sides were entitled to refer to the pleadings during the opening statements.

Apparently anticipating that the jury might be influenced by the defendant's references to the plaintiff's car, the plaintiff proceeded to dwell at some length in his case-in-chief upon the two carburetors and the planed-down head and other minor matters which he characterized as "customizing." He says now that he went into these matters only to take the sting out of

the defendant's invidious reference to his car in the opening statement. There may or may not be a tactical answer to the plaintiff's problem. Rubbing salt in his own wound, however, did not convert an innocuous remark at the beginning of the trial into grounds for a new trial after a disappointing verdict.

There being no error, the judgment is affirmed.