Argued June 30, affirmed September 10, petition for
rehearing denied October 13, 1964

# TROUPE *v.* LEDWARD
### 395 P. 2d 279

*Philip A. Levin*, Portland, argued the cause for appellant. With him on the brief were Pozzi, Levin & Wilson and Garry L. Kahn, Portland.

*Edwin Peterson*, Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell and James Morrell, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, SLOAN and GOODWIN, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment, based upon a verdict, which the circuit court entered in the defendant's favor. The action was instituted to recover damages for an injury which the plaintiff suf-

fered when an automobile which she was driving collided with one operated by the defendant. The plaintiff alleged that the defendant was negligent.

The plaintiff presents four assignments of error. They are:

"The Court erred in denying plaintiff's motion that the jury be instructed as a matter of law that the defendant was negligent and his negligence was a proximate cause of the collision. * * *"

"The Court erred in denying plaintiff's motion to withdraw from the consideration of the jury defendant's allegation that plaintiff failed to keep a proper lookout. * * *"

"The Court erred in denying plaintiff's motion to withdraw from the jury's consideration defendant's contention that plaintiff was contributorily negligent in operating her vehicle at a speed which was excessive and unreasonable. * * *"

"The Court erred in denying plaintiff's motion to withdraw from the consideration of the jury the contention that plaintiff failed to keep her vehicle under proper control. * * *"

September 2, 1962, at 2 p.m. the plaintiff was driving her car east on Powell Boulevard in Portland and was approaching the intersection of that thoroughfare with East 174th Street. Powell Boulevard runs east and west; 174th Street runs north and south. The day was clear, dry, and sunny. Traffic operating on 174th Street which desires to enter or cross Powell Boulevard is required by stop signs to come to a stop before undertaking to enter Powell. A blinking traffic light warns traffic on both Powell Boulevard and 174th Street to be cautious. ORS 483.136, referring to the signal which faced the plaintiff, requires that such drivers "may proceed through the intersection or past

such signal only with caution." The defendant, who had been driving north on 174th Street, had come to Powell Boulevard shortly before the plantiff approached the intersection and had brought his car to a stop near the stop sign which guarded the intersection on its south side. Another car, which was headed south on 174th Street, had come to a stop on the north side of the intersection about the same time that the defendant halted on the other side.

When the two cars just mentioned had come to a stop, the plaintiff, driving east on Powell, approached the 174th Street intersection. As she did so, she noticed the caution traffic light and took her foot off of the gas pedal. She estimated that her speed had been between 40 and 45 miles per hour. Presently she observed the stopped car to her left. There were no cars in front or behind her that were going in the same direction as hers; but there were three operating in the opposite direction. According to the plaintiff, "I was entering the intersection when I" saw defendant's stopped car. We quote further from her testimony:

"Q  You hadn't seen it, then, up until the time you got to this point in the intersection or just entering the intersection?

"A  As I was entering the intersection I saw one on the left and one to the right.

"Q  What I want to get at here, was this the first—as you were entering the intersection was this the first time that you were conscious that there was a car stopped here to the right?

"A  Yes."

The plaintiff testified, "I went on because I felt I had the right-of-way."

The defendant was 79 years of age. There was virtually nothing to have prevented him from seeing the

plaintiff's approaching car as he sat in his stopped automobile unless the plaintiff was approaching the intersection at an unreasonable rate of speed. The only obstruction to a view 100 per cent perfect—if it was an obstruction at all—was "a smallish tree." The words quoted were taken from the defendant's testimony. We are under the impression that the "smallish tree" has achieved an importance in the briefs of both counsel greater than that which it attained at the intersection. Of course, all of the circumstances just mentioned also indicate that the defendant's car was in plain view of the plaintiff as she approached the site of the collision.

The defendant testified that after he had let three westbound cars pass through the intersection he looked to his right and to his left but saw nothing. He then shifted into low gear and moved ahead into the intersection at a rate of about five miles, possibly ten miles per hour. The plaintiff did not see the defendant's car moving into the intersection. The fact that the two cars collided establishes, of course, that the defendant's car was in the intersection and that it could have been seen had the plaintiff looked.

The damage to the plaintiff's car was inflicted upon its right front fender and right front door. Not having seen the defendant's approaching car, the plaintiff did not swerve or take any other action to avoid the collision.

■ It will be recalled that the plaintiff argues that the defendant, as a matter of law, was guilty of negligence. An issue of negligence becomes one of law only when all reasonable men can draw but one inference from it: *Clark v. Strain,* 212 Or 357, 319 P2d 940. We believe that reasonable persons could draw from the above facts an inference that the defendant could rea-

sonably have believed as he entered the intersection that drivers such as the plaintiff would notice him and permit him to proceed.

■ Speed, control, and the duty to maintain an adequate lookout are interrelated. As speed increases, the duty to be alert and have one's automobile under adequate control increases. Accordingly, when the plaintiff entered the intersection at an impressive speed and saw two cars waiting to enter and also saw three cars approaching from the opposite direction, it was her duty to be alert and maintain a reasonably adequate lookout. Whether her lookout which did not observe the defendant's car until she was entering the intersection and which did not see it again until an instant before the collision was adequate was a jury question.

■ A vehicle which has stopped preparatory to entering a through street, such as Powell, is not doomed to remain stopped at the portals of the arterial thoroughfare until traffic diminishes in volume with the early hours of the morning. It too may enter the through street, provided it complies with ORS 483.202 (2) which reads:

> "The driver of any vehicle who has stopped or who has yielded the right of way as required by law at the entrance to a through highway shall yield to the other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard. Having so yielded, such driver may proceed, and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway."

■ The plaintiff was not justified in proceeding under a dogma "I had the right-of-way." As she drove

along Powell, it was incumbent upon her to exercise due care and be prepared to perform the duty exacted by the statute just quoted. It was her duty to observe the traffic which was waiting to enter Powell and, since mutual forbearance promotes safety, comply with the demands of ORS 483.202 (2).

We have found no merit in the assignment of error.

Affirmed.

SLOAN, J., dissenting.

It appears that there was nothing about the accident involved in this case that had any reasonable relationship to plaintiff's speed or control. Those two specifications of alleged contributory negligence should have been withdrawn from jury consideration. It was error not to have done so. The case should be reversed.