Argued September 6, affirmed in part; reversed and
remanded in part October 2, 1968

ARMSTRONG, *Appellant, v.* STEGEN ET AL,
*Respondents.*

445 P. 2d 509

*Robert J. McCrea,* Eugene, argued the cause for appellant. On the briefs were Venn, Mulder, Morrow & McCrea, Eugene.

*Paul D. Schultz,* Oregon City, argued the cause for respondent Stegen. With him on the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

*Robert H. Fraser,* Eugene, argued the cause for respondent Chambers. On the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

Plaintiff appeals from an order granting a new trial as to defendant Stegen and from a judgment for defendant Chambers. The wrongful death action arose out of a three-car collision. The action was tried to a jury which returned a verdict for the plaintiff against defendant Stegen, and for defendant Chambers. Judgment was entered upon the verdict February 7, 1967. The order granting a new trial was entered on March 28, 1967.

The pertinent facts are as follows: The defendant Stegen's car stopped, or was in the process of stopping,

in the right lane of Interstate 5 near the Albany interchange. Visibility was impaired by patches of fog. Plaintiff's decedent's car collided with the rear of defendant Stegen's car. The car driven by defendant Chambers struck the rear of plaintiff's decedent's car.

The motion for a new trial as to defendant Stegen was granted after the time in which the court could grant a new trial on its own motion. We are limited to considering only the grounds set forth in the motion for the new trial. The questions raised by the grounds set out in the order are: (1) Was it error for the court to withdraw from the jury the allegation against defendant Stegen of failure to keep a proper lookout and thereafter to instruct the jury on the allegation; and (2) Was it error for the court to instruct on the negligence of defendant Stegen with regard to speed and control when there were no such allegations against him in the complaint.

■■ A trial judge after judgment may correct his own errors committed in course of trial by granting a new trial. ORS 17.610(7). This court has held that the granting of a new trial rests within the sound discretion of the trial judge, and that an order will be reversed only for a manifest abuse of that discretion. *Young v. Crown Zellerbach,* 244 Or 251, 417 P2d 394 (1966).

We now examine the record to determine whether it supports a finding that judicial error was committed. The trial court withdrew from jury consideration the plaintiff's allegation that defendant Stegen was negligent in failing to maintain proper lookout. The court instructed the jury upon lookout generally and told the jury that the instruction was applicable to the plaintiff and each defendant.

■ We agree that it was judicial error to withdraw an allegation of negligence and then to instruct the jury on the allegation. Likewise, we agree it was judicial error to instruct the jury on specifications of negligence against defendant Stegen as to speed and control when these specifications had not been alleged.

This case, with multiple defendants, varying specifications of negligence, and the complex sequential events of the accident, is such that gives rise to confusion among jurors. The conflicts and inconsistencies arising from the judicial errors tended clearly to mislead and confuse the jury. We have examined the record and find that it supports the finding of the trial judge that the errors were prejudicial.

We now consider plaintiff's appeal from a judgment for the defendant Chambers and against the plaintiff. The question is whether the court erred in refusing to withdraw from the jury's consideration the following specifications of contributory negligence:

"4. He struck a vehicle then and there upon the highway and by virtue thereof created a perilous and hazardous situation for other vehicles then and there upon said highway.
"* * * * *

"9. He left a place of safety and remained or moved into the path of the vehicle of defendant, Roy Newton Chambers, when it was so close that it was impossible for the defendant to avoid said accident."

■ Upon timely motion a trial judge is required to withdraw from consideration by a jury any allegation of negligence which is not supported by some evidence. *Krening v. Flanders,* 225 Or 388, 358 P2d 574 (1961).

Defendant Chambers argues that the second allega-

tion is supported by evidence, but does not call any to our attention. We have read the transcript of testimony and find no specific testimony which would have, following the first collision, placed the decedent in a place of safety. The evidence as a whole establishes that: (1) The decedent was last seen in the driver's seat just prior to the first collision; (2) After the first collision one of his passengers heard him speak; (3) His body was found on the trunk of the car of defendant Stegen after the collision with the car driven by defendant Chambers.

■ The allegation was not supported by any evidence and should have been withdrawn from the jury. We, therefore, need not decide whether, as claimed by defendant Chambers, the court's instruction cured the deficiencies, if any, of the allegation. Since there was no evidence in support of the allegation for the jury to consider, the jury could only conjecture or speculate as to whether the decedent did or did not do what was alleged. We conclude, therefore, that the error was prejudicial.

The first questioned specification states no recognizable allegation of negligence. It at best charges decedent with striking a vehicle on the highway and thereby creating a hazard.

The substance of the instruction given by the court was that this allegation must be found to be the result of some one of the other specifications of contributory negligence. This instruction cannot be held, as urged by defendant's counsel, to have cured the deficiency of the allegation. The allegation, even if it was aided by the instruction, at best says that if the decedent was found to be contributorily negligent in one or more of the other specifications he could be found to have created a perilous and hazardous situa-

tion to other vehicles on the highway. The failure to withdraw the allegation was prejudicial error.

The trial court should have allowed the motion to withdraw the allegations of negligence.

The order granting a new trial as to defendant Stegen is affirmed. The judgment for the defendant Chambers and against the plaintiff is reversed and remanded for a new trial.

Affirmed in part; reversed and remanded in part.