Argued May 5, affirmed June 23, 1971

# HESS, *Appellant, v.* LARSON, *Respondent.*

486 P2d 533

*Robert L. McKee,* Portland, argued the cause for appellant. With him on the brief was Allen L. Fallgren.

*Ridgway K. Foley, Jr.,* Portland, argued the cause

for respondent. On the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Gordon Moore.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL, and BRYSON, Justices.

McALLISTER, J.

This is an action for personal injuries arising out of an automobile accident. Plaintiff charged defendant with negligence in several particulars, and defendant alleged contributory negligence on plaintiff's part, which plaintiff denied. A trial was held and the jury returned a verdict for defendant. Plaintiff appeals.

1. Plaintiff's first assignment of error contends that the trial court erred in denying her motions to take from the jury the allegations that she was negligent in the matters of speed, lookout, and control. In determining whether the trial court correctly submitted these issues to the jury we review the evidence in the light most favorable to defendant. *McPherson v. Cochran,* 243 Or 399, 401, 414 P2d 321 (1966). There is actually little or no conflict in the evidence; the parties disagree only as to the inferences which the jury could properly draw.

The accident took place at about 8:45 on the evening of October 17, 1968. It was dark, the weather was overcast, and the pavement was dry. Defendant was driving a Thunderbird north on Southwest 87th Avenue in Portland; plaintiff was driving a Rambler station wagon west on Southwest Fairview Drive. The accident occurred in the intersection of these two streets, which meet at right angles. The intersection was unlighted and was not controlled by stop signs or

traffic signals. It appears that where they intersected both streets were level and straight. The posted speed on 87th Avenue was 30 miles per hour. The intersection is in a residential area. There was no evidence of a posted speed on Fairview Drive and we assume that the designated speed of 25 miles per hour for residential districts would apply on that street. ORS 483.104 (2)(a).

The only eyewitness to testify about the accident was defendant. Plaintiff was a witness, but was suffering from retrograde amnesia as the result of head injuries, and was unable to remember the accident or the events immediately before it.

Defendant testified that he was traveling north on 87th at a speed of about 25 to 30 miles an hour, and that he entered the intersection at that same speed. After he was in the intersection he saw the illumination of plaintiff's headlights "just an instant before the impact" and had no time to apply his brakes or take evasive action before the collision. He had not seen plaintiff's car at all until he became aware of her headlights at that point. Evergreen trees and other foliage near the southeast corner of the intersection prevented either driver from seeing far down the intersecting street. Defendant testified that there was no other traffic in the area at the time of the accident.

The impact occurred in the southeast portion of the intersection. The impact was described by defendant as "quite forceful"; defendant's car was extensively damaged in the area of the right front door. Plaintiff's car was damaged in the left front and left door area. After the collision, defendant's car traveled northeastly a distance of about 60 feet, turn-

ing 180 degrees, and came to rest off the easterly edge of 87th Avenue. Plaintiff's vehicle also turned about 180 degrees and stopped in the northwest portion of the intersection about 16 feet from the impact.

The accident was investigated by Officer McClure of the Oregon State Police who arrived at the scene within a few minutes. He made the measurements we have referred to and testified that he found straight skid marks left by plaintiff's car. The skid marks began in Fairview Drive nineteen feet east of the point of impact and continued directly up to the collision area.

Plaintiff testified that she had been visiting a friend in the area and was on her way home. Her most direct route would have required her to make a right turn from Fairview onto 87th Avenue; she had never driven on Fairview before, but she had used 87th Avenue on other occasions and testified that she recognized it as being the main road through the area.

2. Plaintiff contends that there was no evidence at all as to her speed, lookout, or control, and that it was error to submit these allegations of contributory negligence to the jury. As we have pointed out in other cases, a motion to withdraw all of the specifications of negligence is, in effect, a request that the court rule as a matter of law that the party was not negligent. *Rough v. Lamb,* 240 Or 240, 243, 401 P2d 10 (1965); *Owens v. Goss,* 235 Or 102, 105, 383 P2d 1013 (1963).

3. As a rule this court has refused to decide questions of negligence, especially in automobile accident cases, as a matter of law. Where there is evidence upon which the jury can base a determination, questions of negligence and contributory negligence are for the jury and not for the court. See, e.g., *Johnson v. Rexius,*

249 Or 465, 439 P2d 11 (1968) ; *Rough v. Lamb,* supra ; *Troupe v. Ledward,* 238 Or 531, 395 P2d 279 (1964) ; *Owens v. Goss,* supra. We departed from this rule in *Lehr v. Gresham Berry Growers et al,* 231 Or 202, 372 P2d 488 (1962) and as a consequence found ourselves determining questions of fact which properly belonged to the jury. We overruled the *Lehr* case for this reason in *Miller v. Harder,* 240 Or 418, 402 P2d 84 (1965) and have since refused to determine questions of negligence as a matter of law in all but the most exceptional accident cases. This position was reiterated in *McPherson v. Cochran,* supra, 243 Or at 402.

Plaintiff relies on our recent decision in *Francis v. Burns,* 256 Or 156, 458 P2d 934 (1969), in which we held that the jury could not infer from evidence of a violent impact that the defendant was traveling at an excessive speed. In that case, highway speeds in the neighborhood of 55 miles an hour would not have been excessive. Because extensive damage could have been caused by a vehicle traveling at the indicated speed, we held that evidence of the impact was not enough to indicate that excessive speed was involved. See, also, *Wilson v. Overbey,* 223 Or 256, 354 P2d 319 (1960) and *Cameron v. Goree,* 182 Or 581, 605, 189 P2d 596 (1948). In the *Wilson* case we said:

> "In an intersection collision, before the jury can say that the driver favored by the green light was nonetheless guilty of negligence in the matter of speed, there must be direct evidence from which the jury could find that his speed was excessive under all the circumstances, independent of such highly variable physical facts as the positions of the vehicles after the accident and the nature and extent of damage to the machines or their occupants." 223 Or at 265-266.

In the present case the jury did not have to

rely only on the evidence indicating the severity of the impact. There was evidence to justify a finding that defendant's vehicle approached the intersection at a speed less than that posted on 87th Avenue and that plaintiff's view of defendant's approach was obstructed by trees and shrubbery. The location of the damage to the respective vehicles, and of plaintiff's skid marks beginning outside the intersection, tend to show that defendant entered the intersection before plaintiff did. At any rate, the jury could have found that defendant's vehicle was in or very close to the intersection as plaintiff entered it.

4-6. Plaintiff, as the driver of the car to the right at an uncontrolled intersection, had the right of way and defendant should have yielded to her. ORS 483.202 (2). Nevertheless, even as the favored driver, plaintiff had a duty to exercise due care and to be on the lookout for other drivers who would take the right of way. *Johnson v. Rexius,* supra; *Wilson v. Overbey,* supra, 223 Or at 259. The statutory right of way must be exercised reasonably with due regard to the existing circumstances. *Van Zandt v. Goodman et al,* 181 Or 80, 89, 179 P2d 724 (1947). We think the jury could have found that if plaintiff, who was approaching a blind intersection with a street which she knew to be the "main road" in the area,[1] had been operating her car at a reasonable speed, keeping an adequate lookout and maintaining the control over her vehicle which was required by those circumstances, she would have seen defendant's lights or his car in time to note that

---

[1] We do not imply that characterization of 87th Avenue as a "main road" had any effect on the right of way, which is governed by the statute. However, the jury was entitled to consider plaintiff's admitted knowledge that 87th Avenue was a "main road" in determining the care she should have exercised in approaching and entering the intersection.

he was not going to yield the right of way and to stop or avoid the collision.

7, 8. The elements of speed, lookout and control are interrelated and, in most cases, it is proper if not necessary for the jury to consider them together; independent evidence on each element is not necessary. *Rogers v. Green*, 241 Or 435, 406 P2d 553 (1965). See, also, *McReynolds v. Howland*, 218 Or 566, 569, 346 P2d 127 (1959); *McMullen v. Robinson*, 211 Or 531, 535, 316 P2d 503 (1957). There was no error in submitting the three specifications of contributory negligence to the jury.

What we have said also disposes of plaintiff's second assignment of error, which concerns the instructions to the jury. Plaintiff had charged defendant with negligence in failing to yield the right of way. The trial court instructed the jury on the question of the statutory right of way, and added the following instruction, to which plaintiff excepted:

"Any driver entering an intersection at an unlawful speed shall forfeit any right of way he should otherwise have under this sub-section."

This instruction is in substantially the language of the right of way statute, ORS 483.202, and plaintiff concedes that it is a correct statement of the law. She contends, however, that the instruction should not have been given because there was no evidence that she entered the intersection at an unlawful rate of speed.

9, 10. There was no direct evidence of plaintiff's precise rate of speed; we do not think such evidence is necessary under the circumstances. Where no absolute maximum speed is prescribed by law, an "unlawful" rate of speed is one which violates the basic rule set forth in ORS 483.102, which requires a driver to

drive at speeds which are reasonable and prudent with regard to the conditions existing at the time, and which permit the exercise of proper control over the vehicle. A speed which is excessive under the basic rule is unlawful within the meaning of ORS 483.202 (3). See *Ernst v. Broughton,* 213 Or 253, 324 P2d 241 (1958) and *Dorey v. Myers,* 211 Or 631, 635, 317 P2d 585 (1957) in which "unlawful" and "excessive" are used interchangeably in applying the forfeiture provision of ORS 483.202. We have held that the evidence was sufficient to permit the jury to find that plaintiff entered the intersection at a speed which was excessive under the circumstances. It follows that the instruction complained of was properly given.

The judgment of the trial court is affirmed.