Argued September 13, affirmed October 20, 1971

RANKIN, *Appellant, v.* TAYLOR ET UX, *Respondents.*

489 P2d 950

*Otto R. Skopil, Jr.,* Salem, argued the cause for appellant. With him on the brief were Brown, Schlegel & Milbank and Williams, Skopil, Miller, Beck & Wyllie, Salem.

*Frederick L. Decker,* Albany, argued the cause for respondents. With him on the brief were Goode, Goode, Decker & Hinson, Albany.

TONGUE, J.

This is an action for personal injuries arising from an automobile accident at an intersection with a traffic control signal in which each party testified that the other party "ran the red light."

Plaintiff appeals from an adverse verdict and judgment and assigns as error the denial of his motion to withdraw specifications of contributory negligence alleging failure of lookout and control. He also assigns as error the denial of his exception to the instruction as given on that subject.

The facts are simple. Plaintiff was proceeding north in the center lane of a three-lane, one-way

street at a speed of 27 miles per hour. The posted speed was 30 miles per hour. He testified that the traffic signal turned "green" when he was from 80 to 90 feet from the intersection. From a point 75 feet from the intersection he could have seen from 60 to 80 feet down the intersecting street to his left.

Plaintiff testified that as he entered the intersection he was looking to his right and did not see defendants' car as it approached from his left and proceeded into the intersection until his wife called his attention to defendants' car when it was 15 feet away. He then applied his brakes and skidded 30 feet straight ahead and into the middle of the side of defendants' car. He did not recall whether or not there were other cars proceeding in the same direction in the left lane of traffic.

Plaintiff's complaint alleged that defendant was negligent in failing to observe and obey the traffic control signal, in failing to yield the right-of-way and to have his vehicle under control and in traveling at an excessive speed. Defendants' answer denied these allegations and also alleged that plaintiff was guilty of contributory negligence for failure of lookout and control.

■ ■ In support of plaintiff's first assignment of error—that the trial court erred in submitting these issues of contributory negligence to the jury—plaintiff contends that since plaintiff discovered defendants' oncoming vehicle in excess of 30 feet prior to the point of impact and immediately applied his brakes, there was no evidence from which the jury could find a failure of lookout or control or that such a failure was a proximate cause of the accident, particularly in the absence of an allegation that plaintiff "ran a red light."

We are of the opinion, however, that even in the absence of allegations or evidence that plaintiff "ran a red light," he nevertheless was subject to the common law duty of keeping a reasonable lookout and of maintaining reasonable control of his vehicle, even though that duty is different in such a case from that imposed upon a driver at an intersection without a traffic control signal. *Wiens v. Stevenson,* 250 Or 1, 5-6, 439 P2d 15 (1968). As we said in *Wilson v. Overbey,* 223 Or 256, 259, 354 P2d 319 (1960):

> "The mere fact that a motorist is favored by a green light at an intersection does not relieve him of the duty of exercising due care, with reference to speed, lookout, and control."

See also Annot, 3 ALR3d 180 (1965).

We are also of the opinion that there was sufficient evidence in this case to submit to the jury the question whether plaintiff exercised reasonable care with reference to lookout and control. This is particularly true under the record in this case in view of defendants' answer denying the allegation of plaintiff's complaint that he failed to obey a traffic signal which is supported by his testimony that the light was "green" for him as he entered the intersection. From this it would follow (if that testimony was believed by the jury) that plaintiff, not defendants, "ran a red light." In view of that affirmative allegation by plaintiff's complaint, and its denial by defendants' answer, this issue was properly before the jury, without the necessity of an affirmative allegation in defendants' answer that plaintiff was guilty of contributory negligence in that he failed to obey a traffic control signal.

■ Plaintiff's second assignment of error is that the

instruction as given by the trial court on the duty of lookout and control was improper. Plaintiff contends that the instruction failed to inform the jury that in this case the duty of lookout and control was different from that imposed upon one approaching an intersection without traffic control signals, contrary to our holding in *Wiens v. Stevenson, supra,* in which we said (at p 5) that "plaintiff was entitled to have this difference in duty explained to the jury. \* \* \*."

In this case, however, plaintiff apparently requested the "Uniform Jury Instruction" on speed, lookout and control and that instruction was apparently given, as requested. In addition, and assuming that plaintiff was entitled to have that difference explained to the jury, plaintiff's sole exception to the instruction—that the court should not have given any instruction on contributory negligence—failed to call the attention of the trial judge to his present contention on appeal, which is to the effect that the trial court should have explained the "difference in duty."① Thus, plaintiff's exception was inadequate in that it did not inform the court in what respect plaintiff considered the instruction to be wrong, so as to give the court an informed opportunity to reconsider the

---

① Plaintiff's exception was as follows:

"\* \* \* your Honor, the plaintiff would except to the giving of the instruction which is Defendants requested instruction number 1, or our instruction number 1101, pertaining to contributory negligence. We do not feel there is any evidence in the record which would indicate there was contributory negligence on the part of the plaintiff and particularly in view of Mr. Goode's statement to the jury that they could reasonably find that Mr. Taylor had run the red light. We feel that the only evidence then that he would ask the jury to consider would be lookout with reference to the automobile and not the traffic light. We do not feel that there is evidence here to show that he violated that responsibility."

matter. *Kinney v. General Construction Co.*, 248 Or 500, 503-4, 435 P2d 297 (1968); *Meyers v. Muno*, 236 Or 68, 71, 386 P2d 808 (1963); *Hamilton v. Union Oil Company et al*, 216 Or 354, 367, 339 P2d 440 (1959).

For these reasons, the judgment of the trial court is affirmed.