Argued March 5, affirmed May 30, 1975

SKOURTIS, *Appellant, v.* ELLIS, *Respondent.*

535 P2d 1367

*Nels Peterson,* Portland, argued the cause for appellant. With him on the briefs were Kevin R. Brown, and Peterson, Susak & Peterson, P.C., Portland.

*James C. Tait,* Oregon City, argued the cause for respondent. With him on the brief were Frederic D. Canning, and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

BRYSON, J.

Plaintiff brought this action to recover damages for injuries sustained in an automobile accident at the intersection of N. W. 21st and Johnson Streets in Portland, Oregon. The jury returned a verdict awarding plaintiff $3,628.86 as special damages but no general damages. Plaintiff appeals.

The plaintiff contends that the verdict was "defective" in that it contained no general damages and that "[t]he statement of counsel for plaintiff was a valid exception to the verdict." The verdict returned by the jury was as follows:

"WE, the Jury, * * * do find our Verdict in favor of the Plaintiff, GEORGE T. SKOURTIS, * * * and assess Plaintiff's general damages in the sum of $ <u>None</u> and special damages in the sum of $3,628.86."

The transcript shows there was a "pause" after the court polled the jury. The court then excused the jury "from further duty in connection with this case." After the jury was excused, plaintiff's counsel stated:

"It is my understanding that the jury had brought in a Verdict for specials only, with no generals, and I am not certain at this moment of the propriety of such a Verdict. It is my understanding that they had to find some general damages as well."

The court replied:

"* * * I paused after checking the count. I heard no Motion of any kind. Therefore, I received the Verdict and discharged the jury."

■ The rule is well established that plaintiff was required to make a contemporaneous objection to the jury's verdict. We reviewed this problem in the recent case of *Smith v. J. C. Penney Co.,* 269 Or 643, 652-55, 525 P2d 1299 (1974), and quoted with approval the following rule from *Mullins v. Rowe et ux,* 222 Or 519, 524, 353 P2d 861 (1960):

"(1) The time to object to a defective verdict, if it is defective, is while the jury is still on hand so that the trial court can resubmit the matter with proper instructions.

"(2) An objection not taken when the verdict is returned into court is waived.

"(3) The only correct procedure to follow is to resubmit the matter to the same jury."

Notwithstanding his failure to make a timely objection, plaintiff contends he is still entitled to raise the same objection in a subsequent motion, which he did in the case at bar. In *Fischer v. Howard,* 201 Or 426, 464, 271 P2d 1059 (1954), we disposed of this contention by stating:

"We are satisfied that when the plaintiff, after acquainting himself with the verdict, made no objections to its receipt and no motion that the cause be recommitted to the jury, he waived the objections now under analysis. Having waived them, they were unavailable as the basis for a motion for a new trial.  *  *  *"

We find no error as contended in this assignment.

Plaintiff also assigns as error the trial court's refusal "to give plaintiff's requested instructions to withdraw  *  *  *  the alleged charges of contributory negligence contained in defendant's Answer." Defendant alleged that the plaintiff was negligent in failing to maintain a proper lookout, in failing to keep his vehicle under proper control and in traveling at an excessive rate of speed. Plaintiff argues there was

insufficient evidence to support defendant's allegations and therefore they should have been withdrawn from the jury's consideration.[①]

This accident occurred on a clear, dry September afternoon. Plaintiff was driving his car south on N. W. 21st Street and defendant was driving a one-ton truck west on N. W. Johnson Street. The accident occurred in the intersection. Both streets have two opposing lanes of traffic with parking lanes on both sides. Traffic on N. W. Johnson Street is controlled by a stop sign. The defendant, not familiar with the area, was looking for a particular street sign and failed to see the stop sign and stop before entering the intersection. He testified he was in second gear and traveling at 15 miles per hour. Plaintiff lived nearby and testified he was familiar with the intersection and traffic conditions in that area; that there were no other vehicles either behind him or approaching from the opposite direction. The plaintiff also testified that he first saw the defendant's truck when the front of his car was one foot "from entering the intersection," as measured by the curb line of N. W. Johnson Street. Neither driver applied the brakes on his vehicle prior to the accident. The collision occurred in the northwest quarter of the intersection; both vehicles swung around and came to rest on the south curb of Johnson Street, a few feet west of the intersection. The plaintiff's vehicle struck the defendant's truck "toward midships." A diagram of the intersection, showing the point of impact and position of the vehicles where they came to rest, and photographs of the intersection were received in evidence.

[①] The trial court fully instructed the jury on comparative negligence, including examples on how to determine the amount of damages, ORS 18.470, and submitted a general verdict showing general and special damages (see page 1 of opinion). It is plaintiff's contention that the jury could have returned a larger verdict if the trial court had not submitted plaintiff's contributory negligence to the jury.

■■ Although plaintiff was the favored driver, this does not relieve him of the duty of exercising due care with reference to speed, lookout, and control. *Wilson v. Overbey,* 223 Or 256, 259, 354 P2d 319 (1960); *Rankin v. Taylor,* 260 Or 222, 225, 489 P2d 950 (1971). It is clear from the evidence and exhibits that the jury could have found that plaintiff should have observed defendant some distance before his car was one foot from the intersection and if he had so observed the defendant's vehicle he should have applied his brakes. The only direct evidence of plaintiff's speed was his statement that he was traveling at 20 miles per hour immediately prior to the accident.

Defendant contends that this testimony, taken with all of the other evidence and considered in context with plaintiff's "proven" unreliability for truth,[2] supports an inference from which the jury could conclude that plaintiff was traveling at an excessive rate of speed under the circumstances.

Here the jury could have rejected plaintiff's testimony that he was traveling at 20 miles per hour. *Rickard v. Ellis,* 230 Or 46, 51-52, 368 P2d 396 (1962). In *McMullen v. Robinson,* 211 Or 531, 535, 316 P2d 503 (1957), the trial court submitted speed, lookout, and control to the jury and instructed in the language of the basic rule, as in the case at bar. The appellant contended "that there was no evidence of speed" and the same should have been withdrawn from the jury. We held:

> "* * * The word 'speed' as used in the statute does not necessarily mean rapid motion measured by miles per hour. The question is whether the rate of travel was excessive under all the facts,

---

[2] Considerable evidence was received to impeach plaintiff's credibility and to contradict his claim of injuries and loss of wages.

circumstances and conditions existing at the time. [Citing cases.]" 211 Or at 535.

In *McReynolds v. Howland,* 218 Or 566, 346 P2d 127 (1959), an intersection accident, the defendant assigned as error the trial court's refusal to withdraw from the jury's consideration the plaintiff's allegation of excessive speed. We held that the basic rule does not establish a maximum or minimum speed because "the circumstances" always determine the lawful rate of speed and stated:

"* * * It is clear that a speed accompanied by a proper lookout might not be negligent, but driving at any speed without such lookout may be negligent." 218 Or at 569.

*See also Hess v. Larson,* 259 Or 282, 289, 486 P2d 533 (1971), and *Palmore v. Kirkman Laboratories,* 270 Or 294, 298, 527 P2d 391, 393 (1974). This is not to say that the issue of speed should not be withdrawn from the jury's consideration under certain circumstances. *Krening v. Flanders,* 225 Or 388, 394, 358 P2d 574 (1961); *Armstrong v. Stegen,* 251 Or 340, 343, 445 P2d 509 (1968); *Alvarez v. Great North. Railway Co.,* 261 Or 66, 75, 491 P2d 190 (1972).

Moreover, in this case plaintiff's speed is interrelated with his control and lookout. *Troupe v. Ledward,* 238 Or 531, 536, 395 P2d 279 (1964); *Rogers v. Green,* 241 Or 435, 439, 406 P2d 553 (1965). "It was for the jury to determine whether such speed was excessive under all the facts, circumstances and conditions existing at the time." *Sage v. Royce,* 223 Or 590, 594, 354 P2d 295 (1960). We conclude that the trial court did not err in refusing to withdraw the alleged charges of contributory negligence. Because of the above ruling we need not discuss plaintiff's final assignment of error that the trial court erred in instructing the jury on comparative negligence.

Affirmed.

TONGUE, J, concurring.

I concur in the opinion by the majority except for its holding to the effect that there was sufficient evidence of excessive speed so as to make it proper to submit to the jury that specification of contributory negligence. There was no competent evidence to contradict plaintiff's testimony that he was driving 20 miles per hour on a through street, with stop signs on either side of the intersection where the accident occurred. There was, however, competent evidence to support a finding by the jury that plaintiff failed to maintain a proper lookout and to keep his automobile under proper control.

Our past decisions on this subject in similar cases have not been consistent. Compare *McMullen v. Robinson,* 211 Or 531, 316 P2d 503 (1957) ; and *McReynolds v. Howland,* 218 Or 566, 346 P2d 127 (1959), with *Wilson v. Overbey,* 223 Or 256, 354 P2d 319 (1960) ; and *Krening v. Flanders,* 225 Or 388, 358 P2d 574 (1961), and cases cited therein. In my opinion, however, this is not a proper case in which to attempt, by dissenting opinion, to either reconcile such cases or to propose the overruling of such cases as may not be consistent with a proper rule on this subject. Cf. dissenting opinion, *Berg v. Mengore,* 271 Or at 538, 533 P2d at 805 (1975).