Argued October 5, affirmed December 15, 1965, petition for
rehearing denied January 11, 1966

# GOGGAN *v.* CONSOLIDATED MILLINERY COMPANY

409 P. 2d 174

*C. S. Emmons,* Albany, argued the cause for appellant. On the brief were Willis, Kyle, Emmons & Kropp, Albany.

*Asa Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Denecke, Lusk and Schwab, Justices.

DENECKE, J.

The defendant operated the millinery concession in a Salem department store. Defendant's space in the store was partially occupied by counters containing layers of drawers. The plaintiff, Mrs. Goggan, was in defendant's department trying on hats. Mrs. Goggan stepped backward, tripped on an open drawer, and injured herself when she fell. The plaintiff obtained a verdict; however, the trial court granted defendant's motion for a new trial in which it was contended that the jury was erroneously instructed. Plaintiff appeals.

According to Mrs. Goggan's testimony, she put on a hat and asked an employee of defendant's, Miss Webster, whose advice about millinery had been sought before, " 'What do you think, Miss Webster? I think it is too large for me.' She said, 'I would have to see it farther away.' " Immediately thereafter plaintiff stepped backward and fell.

In her complaint the plaintiff charged the defend-

ant with negligence in the following particulars, among others:

"(c) Defendant requested and directed the plaintiff to move back at a time and place when defendant knew, or by the exercise of due diligence could and should have known that the open drawer was behind the plaintiff."

The trial court instructed the jury:

"You are instructed if you find from a preponderance of the evidence that defendant was negligent in opening the drawer and leaving it open in the area where customers would be walking, or in failing to warn plaintiff that the drawer was open, or *in directing plaintiff to move back knowing that the open drawer was behind her* * * *, then you shall return your verdict in favor of plaintiff and against the defendant." (Emphasis added.)

Defendant excepted to the giving of such instruction stating, in part, "That move back, even by plaintiff's own testimony was to move farther away, and in effect, in a sense is a commentary on the evidence." The giving of such instruction was alleged in defendant's motion for new trial to be erroneous, "on the ground that there was no evidence to support this instruction or the allegation of the complaint in this regard."

In support of its motion for new trial the defendant filed a memorandum contending that the instruction was erroneous because it assumed a fact in issue. At oral argument the defendant so argued, along with urging other grounds.

The court, in its letter opinion granting the motion for new trial, stated:

"The instruction quoted was based on specifica-

tion (c) of paragraph IV of the amended complaint. Neither party moved to withdraw the same. Nevertheless, it is not improbable that the jury paid special attention to it because of the emphasis and may have been thereby influenced. The Court believes that a new trial should be had, as the evidence does not sustain the negligence alleged."

The formal order granting the new trial does not specify the ground or reason.

■ It is not necessary for the trial court to state upon which of the grounds it granted the motion and an order granting a motion for new trial will be affirmed if the order is sustainable upon any of the grounds specified in the motion. *Hillman v. North. Wasco Co. PUD,* 213 Or 264, 274-275, 323 P2d 664 (1958). However, we mention the various grounds urged by the defendant and the ground stated by the court and the absence of any ground in the formal order to evidence the cause for our doubts as to what the precise reason was for the trial court's belief that the instruction was erroneously given.

The questioned instruction can be construed as assuming as a fact that the defendant instructed the plaintiff to move back. We do not conclude that this is the only plausible interpretation, but it is a reasonable one. Such an interpretation is aided by the fact that the facts supporting the other two charges of negligence were admitted, that is, that the defendant opened the drawer and failed to warn plaintiff of the open drawer. The only issue remaining on those two charges was whether the admitted act or omission constituted negligence. On the third charge the parties agree there is a highly disputed issue as to whether, in effect, defendant directed the plaintiff to move back.

 Under these circumstances we affirm the trial court's granting of the motion for new trial. We have often said, "It is, of course, well settled that the trial court has considerable latitude in granting a new trial, and all intendments are in favor of such an order." *Hays v. Herman,* 213 Or 140, 144, 322 P2d 119, 69 ALR2d 947 (1958). The trial court cannot grant a new trial when it has committed no error at the trial. *Arthur v. Parish,* 150 Or 582, 588, 47 P2d 682 (1935). However, when the trial court has granted a new trial on the grounds that instructions were erroneously given, such an order will be affirmed if the instructions are susceptible of any reasonable interpretation which would make them erroneous.

Affirmed.