Argued February 6, affirmed March 27, petition for rehearing
denied April 30, 1968

WIENS, *Respondent, v.* STEVENSON,
*Appellant.*
439 P. 2d 15

*Norma J. Paulus,* Salem, argued the cause for appellant. With her on the briefs were Clark and Marsh, Salem.

*Bruce W. Williams,* Salem, argued the cause for respondent. With him on the brief were Williams, Skopil, Miller & Beck, Salem.

Before Perry, Chief Justice, and McAllister,* O'Connell, Denecke and Langtry, Justices.

---

* McAllister, J., did not participate in this decision.

O'CONNELL, J.

This is an action to recover damages for personal injuries sustained in an intersection collision. The jury returned a verdict for defendant. Plaintiff moved for a new trial which was granted. Defendant appeals.

Defendant, driving in a southerly direction on Cottage street in Salem, ran through a stop sign and struck plaintiff's automobile which was proceeding in an easterly direction on Ferry street, a through street. There was evidence that plaintiff was travelling "at least 30 miles an hour." Plaintiff testified that he did not see defendant's vehicle until the moment of impact or just a "split second" before.

The trial court instructed the jury that defendant was negligent as a matter of law and that his negligence was the proximate cause of the collision. Later in the instructions, the court explained statutory negligence. The court also gave instructions relating to contributory negligence. The instruction stated that "If the plaintiff is negligent in some respect as is charged by defendant in his answer, and such negligence proximately contributed to the cause of the damage or the accident, such negligence on the part of the plaintiff would bar any recovery by him, even if the defendant is also negligent. The law does not attempt to compare or weigh the negligence of one party with that of another party."

Instructions were then given explaining the basic rule. A part of that instruction was given as follows:

"* * * It further provides that no person shall drive at a speed that is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person or ve-

hicle or other conveyance being lawfully operated upon the highway."

Plaintiff excepted to this instruction on the ground that it purported to describe plaintiff's duty in the case of a collision with a vehicle "lawfully operated upon the highway," and that this was not applicable to the present case because defendant admitted that he had failed to stop at the stop sign and therefore was not lawfully in the intersection.

The trial court gave the following reasons for granting plaintiff's motion for a new trial:

"* * * [P]laintiff is entitled to a new trial upon the grounds and for the reasons that I feel that the jury should have been advised that the plaintiff's common law duty of lookout and control are different when the defendant is not lawfully operating his vehicle upon the highway.

"The Court's instruction on the basic rule also predicated the plaintiff's duty in regard to the defendant's vehicle being lawfully operated upon the highway. A respectable body of cases hold that the failure of a favored car to maintain a lookout or in travelling at an excessive rate of speed is not as a matter of law a contributing cause of the accident when such vehicle is struck in the intersection by the other vehicle disobeying the traffic signal."

 We have frequently recognized that the trial court has a wide latitude in granting a new trial.[1] We think that the trial court did not abuse its discretion in granting a new trial in the present case. The instructions described plaintiff's duty with respect to lookout, speed and control precisely the same as if no stop sign violation was involved. One who is driving on an

---

[1] For example, see Goggan v. Consolidated Millinery, 242 Or 328, 332, 409 P2d 174 (1966).

arterial street has the duty of keeping a reasonable lookout and of maintaining a reasonable speed and control, but this duty is different from that which is imposed upon one driving along an unprotected street. This has been recognized in a great multitude of cases, many of which are collected in an Annotation in 3 ALR3d 180 (1965) entitled, "Liability for Automobile Accident at Intersection as Affected by Reliance Upon or Disregard of Unchanging Stop Signal or Sign."

■■ Plaintiff was entitled to have this difference in duty explained to the jury. Defendant contends that plaintiff did not make his exception to the court's instruction with sufficient specificity and that the trial court granted the motion on an erroneous conception of the Oregon law. We think that plaintiff's exception, although not a model of clarity, was adequate. Certainly the trial court had no difficulty in getting plaintiff's message. Nor do we think that the trial court misconceived the applicable law. Defendant reads the trial court's opinion accompanying the order allowing a new trial as if the court had concluded that defendant's failure to obey the stop sign relieved plaintiff of his duty as to speed, lookout and control. We do not so read the trial court's opinion. He merely stated that the failure of a favored car to maintain a lookout or in travelling at an excessive speed is not *as a matter of law* a contributing cause of the accident. We take this to mean that mere proof that the favored driver did not keep a lookout or travelled over the speed limit does not necessarily bar him from recovery because he may, under normal circumstances, rely in some degree upon the other driver's obedience to the stop sign. The favored driver's failure to keep a lookout because of this reliance may constitute negligence but, unlike the rule applicable when a stop sign is not

involved, the failure to keep such a lookout is not a contributing cause as a matter of law.

■ Whether or not this was the trial court's meaning, the fact remains that the instructions given were not fair to plaintiff because they described his duty as if no stop sign violation was involved in the case.

The judgment of the trial court is affirmed.