Argued June 4, affirmed July 2, 1969

MAXWELL, *Appellant, v.* PORTLAND TERMINAL
RAILROAD COMPANY, *Respondent and
cross-appellant.*
456 P2d 484

*David W. Harper*, Portland, argued the cause for appellant. On the brief were Keane, Haessler, Baumann and Harper, Portland.

*Douglas Houser*, Portland, argued the cause for respondent. With him on the brief were R. R. Bullivant and Bullivant, Spackman & Wright, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, and DENECKE, Justices.

GOODWIN, J.

Plaintiff, a truck driver injured in a crossing collision with a railroad car during a switching operation, appeals from an order granting the railroad a new trial after a jury had awarded the plaintiff $3,200 damages.

The new trial was ordered because the trial court became convinced after the verdict that it had erroneously given a requested instruction on "future" damages. As the evidence contained no basis for such an instruction, the court properly granted the new trial. *Goggan v. Consolidated Millinery*, 242 Or 328,

409 P2d 174 (1965); *Clark v. Fazio et al,* 191 Or 522, 528, 230 P2d 553 (1951).

■ The defendant cross-appeals, asserting that its motion for a directed verdict should have been allowed. The railroad contends that the evidence proved the plaintiff guilty of contributory negligence as a matter of law. We have concluded that the evidence on the issues of negligence and contributory negligence presented questions for the jury. Accordingly, there was likewise no error in denying the defendant's motion for a directed verdict.

Finally, the plaintiff urges that, if a new trial is allowed, the issue should be limited to the amount of damages. The jury found liability, and the instruction error went to damages only. Accordingly, he argues, the issue of fault has been resolved and should not again be placed at large.

The segregation of issues in suits in equity is a familiar technique for saving litigants' money and time. On remand for a new trial, the same technique has long been employed in equity suits to eliminate issues that no longer require adjudication. *Dunn v. Henderson et al.,* 122 Or 331, 258 P2d 183 (1927); and see *Oliver v. Skinner and Lodge,* 190 Or 423, 455, 226 P2d 507 (1951), where a remand for a limited new trial was discussed but was rejected on the particular facts of the case.

In actions at law, likewise, this court has remanded cases for the limited retrial of specific issues when it appeared upon appeal that no party would be prejudiced thereby and that no useful purpose could be served by a complete new trial.

In *Brown v. Bonesteele,* 218 Or 312, 344 P2d 928 (1959), we held that the trial court, on the record made in that case, should have directed a verdict for the

plaintiff on the issue of the common carrier's liability for property damage. On the remand, since liability was no longer an issue in the case, we ordered the new trial limited to the issue of damages.

*Brown v. Bonesteele* was followed in *Western Feed Co. v. Heidloff*, 230 Or 324, 370 P2d 612 (1962). That was an action to recover the price of pig feed; the defendant counterclaimed for damages for breach of warranty. We held that because the trial court had directed a verdict for the plaintiff, and because that ruling had not been challenged on appeal, the seller's right to recover the feed bill was *res judicata*. Thus, the only matter properly left for adjudication on a new trial was the defendant's counterclaim for damages for the alleged breach of warranty. We so limited the new trial.

The only personal-injury case in this state in which we have limited the new trial to the sole issue of damages is *Skultety v. Humphreys*, 247 Or 450, 431 P2d 278 (1967). In that case, which involved injuries sustained in a three-automobile collision, the jury had found one defendant liable and the other not liable to the plaintiff. We affirmed the judgment exonerating one defendant. In the same opinion, we reversed the judgment against the other defendant, and remanded the cause for a new trial against that defendant, but only on the issue of damages. The error assigned on appeal, as in the case at bar, had to do solely with an instruction on damages. The defendant had assigned no error to any ruling bearing upon the issue of liability. We were of the opinion, on the entire record in that case, that the only real problem for the jury concerning liability had been that of choosing between the two defendants. We believed that no useful purpose could be served by retrying the issue of liability

after the jury had made its choice between the defendants. The choice had satisfied one defendant and had not been challenged by the other. Accordingly, we were of the opinion that the defendant who had been found liable would not be substantially prejudiced by an order limiting the issues on a new trial to the amount of the plaintiff's damages.

In the ordinary two-party personal-injury case, however, evidence of fault can influence the jury's measurement of damages; and the kind and degree of injuries may influence some jurors in their evaluation of the evidence on liability. See Rosenberg, *Court Congestion; Status, Causes and Proposed Remedies,* in *The Courts, The Public and the Law Explosion* (Jones ed 1965). Whatever logical problems these elements of lawyer folklore may suggest, we believe that neither side in this type of case should be encouraged to manipulate errors in one trial to gain tactical advantage in a new trial before a new jury. Accordingly, we hold that the new trial in a personal-injury case ordinarily should be a new trial on all contested factual issues, regardless of the ability of the parties on appeal to pinpoint error so as to show that the error, if any, may have affected only one issue. There will, of course, be exceptional cases in which the trial court, in the exercise of judicial discretion, properly will limit the issues for a new trial. But the standard to be applied in the exercise of this discretion is reasonable certainty that the issue or issues to be eliminated from the second trial are no longer viable issues in the case and that their removal will not prejudice the right of either party to the kind of jury trial to which he would have been entitled but for the error or errors necessitating the new trial.

Affirmed.